PER CURIAM.
O.C. Scott appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. The trial court entered an order addressing the issues raised in the motion, but failed to attach all the relevant portions of the record to support its ruling. We reverse and remand this matter for further proceedings.
Scott pled guilty to robbery and allegedly was sentenced in compliance with a plea agreement. Neither the agreement nor the transcript of the plea colloquy is made a part of the record on appeal. Without the relevant documentation, this court cannot determine the offense to which Scott entered his plea, or any other concessions made therein by appellant with regard to the offense and sentencing.
Scott makes several arguments within his motion; however, only one merits discussion. It is asserted that the three year minimum mandatory sentence imposed is illegal because the state fails to show that the robbery was committed with a firearm and that a factual basis exists to support such a determination. Without record documentation to contradict Scott’s allegations, we are unable to determine if the trial court made the appropriate findings. This failure requires reversal of the trial court’s order denying the motion. See Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991).
On remand the trial court shall review the motion to correct illegal sentence and enter a new order. If the court again denies the motion, it shall attach the portions of the record which conclusively refute Scott’s allegations or, if the documentation and the transcript of the plea colloquy are insufficient, the court shall conduct an evidentiary hearing to determine if a factual basis exists for the minimum mandatory sentence.
Reversed and remanded.
DANAHY, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.