589 So.2d 1374 (1991)
Michael D. BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-84.
District Court of Appeal of Florida, First District.
November 20, 1991.
*1375 Michael D. Bell, in pro. per.
No appearance for appellee.
ERVIN, Judge.
Appellant, Michael Bell, appeals the denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Bell claims the trial court erred in sentencing him to a three-year minimum mandatory sentence without establishing in the record that he had actual possession of a firearm during commission of the crime, and in imposing a 20-year sentence for robbery without a firearm, which is in excess of that authorized under Florida law. We reverse.
Bell pled guilty to kidnapping without a firearm in counts one and two, robbery without a firearm in count three, and robbery with a firearm in count four. The plea agreement and the transcript of the sentencing hearing indicate that Bell was to receive four concurrent 20-year sentences on each count, with a mandatory three-year sentence under Section 775.087(2), Florida Statutes, on count four for robbery with a firearm. At the plea/sentencing hearing, the trial court inquired whether the defendant's plea was voluntary, but did not make any inquiry on the record regarding whether there was a factual basis for the plea.
Bell filed a motion to correct sentence, alleging that the minimum mandatory sentence imposed as to count four for the offense of armed robbery was invalid because there was no showing, as required by law, that he was in actual possession of a firearm during the commission of the robbery, and that the sentence in count three for robbery without a firearm was in excess of the penalty authorized by law. The *1376 trial court denied Bell's motion, stating that by pleading guilty to robbery with a firearm in count four, Bell thereby admitted to possessing a firearm during the robbery; thus the sentencing court had properly sentenced him to the three-year mandatory minimum; and that Bell had agreed to be sentenced to a total of 20 years on the four counts; therefore he was properly sentenced to 20 years on count three. We disagree on both points.
Constructive or vicarious possession of a firearm, although sufficient to sustain a conviction for robbery with a firearm, is insufficient to constitute possession under Section 775.087(2), Florida Statutes (1989), which requires a minimum three-year prison term for a person convicted of robbery with a firearm. Earnest v. State, 351 So.2d 957 (Fla. 1977); Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987). To justify a mandatory minimum, the defendant, rather than an accomplice, must physically or actually possess the weapon during the crime. Thus, the trial court at bar erred in concluding that by pleading guilty to count four, Bell admitted to personally carrying a firearm during the robbery.
The trial court was therefore required at the plea hearing to determine whether there was a factual basis for the minimum-mandatory sentence. Williams v. State, 534 So.2d 929 (Fla. 1988). The requirement that a trial court ascertain the factual basis for a guilty plea is intended to preclude an unwitting admission of guilt for a crime the defendant did not in fact commit. Shannon v. State, 406 So.2d 87, 88 (Fla. 1st DCA 1981). As previously stated, the court did not make any inquiry whatsoever regarding a factual basis for Bell's plea. We therefore cannot conclusively determine from Bell's pro se brief whether Bell is now alleging that he did not carry a firearm during the robbery. We therefore remand for an evidentiary hearing to permit the trial court to determine whether Bell was prejudiced by the trial court's failure to ascertain whether there was a factual basis for the minimum mandatory sentence. State v. Kendrick, 336 So.2d 353 (Fla. 1976); Williams v. State, 534 So.2d 929 (Fla. 4th DCA 1988). If he was so prejudiced, such would be grounds for vacating the sentence.
In count three, Bell was adjudicated guilty of committing robbery without a firearm, and in count four of robbery with a firearm. The judgment states that each is a violation of Section 812.13(2)(a), Florida Statutes, and each is listed as a first-degree felony. To the contrary, however, robbery without a firearm is a second-degree felony pursuant to section 812.13(2)(c), for which a defendant may be sentenced to "a term of imprisonment not exceeding 15 years" under Section 775.082(3)(c), Florida Statutes (1989). Therefore, the trial court exceeded the legal maximum incarcerative term by sentencing Bell to 20 years in prison. An error in sentencing that causes a defendant to be incarcerated for longer than the statutory maximum is fundamental error that may be corrected in collateral proceedings. Gonzalez v. State, 392 So.2d 334, 336 (Fla. 3d DCA 1981).
We therefore REVERSE the order denying Bell's motion to correct sentence, and REMAND for further proceedings consistent with this opinion on the minimum mandatory sentence in count four. We VACATE the 20-year sentence imposed as to count three and also REMAND for further consistent proceedings.
SHIVERS and WIGGINTON, JJ., concur.