627 So.2d 526 (1993)
Carl POITEER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02486.
District Court of Appeal of Florida, Second District.
October 20, 1993.
PER CURIAM.
Carl Poiteer appeals the summary denial of his motion to correct sentence. We reverse.
Poiteer is serving a fifteen-year sentence for armed robbery. Three years of this sentence represents mandatory time required by section 775.087(2), Florida Statutes (1989). Poiteer sought the deletion of this mandatory term, arguing that "[t]here was no showing and/or evidence presented to establish ... *527 that defendant was in actual possession of a firearm during commission of the alleged robbery(ies) herein."
The circuit court, denying the motion, found this issue could have been raised on direct appeal, and was therefore inappropriate for collateral attack. See generally Spencer v. State, 389 So.2d 652 (Fla. 1st DCA 1980). However, an unlawful sentence may be contested at any time. Although a defendant may be convicted of robbery with a firearm based on vicarious or constructive possession of the gun (e.g., if it is carried by an accomplice), section 775.087(2) requires actual physical possession before a minimum mandatory term may be imposed for possession of a firearm. Earnest v. State, 351 So.2d 957 (Fla. 1977).
Poiteer's motion is based on Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991). In accepting a plea from Bell the trial court neglected to determine if a factual basis existed. Bell later moved to vacate the minimum mandatory portion of his sentence, asserting "there was no showing, as required by law, that he was in actual possession of a firearm during the commission of the robbery." 589 So.2d at 1375. The district court concluded that Bell's assertion, if true, constituted fundamental error.
This court has previously determined that it will follow Bell. Anfield v. State, 615 So.2d 853 (Fla.2d DCA 1993); Ahedo v. State, 603 So.2d 80 (Fla.2d DCA 1992).[1] However, the present case suggests the need to explain our position. We hold that the absence of a factual basis during a plea colloquy, or the failure to make specific findings regarding use of a firearm, will not ipso facto entitle a defendant to postconviction relief. In Bell the district court stated it could not "conclusively determine ... whether Bell is now alleging that he did not carry a firearm during the robbery." 589 So.2d at 1376. In our view, the movant must specifically allege that he has been prejudiced by application of section 775.087(2). We therefore decline to follow Bell to the extent it suggests the mere procedural failure to find a factual basis for imposing a minimum mandatory sentence is reversible error.
In the present case Poiteer has sufficiently alleged prejudice. Because the trial court did not reach the merits of the motion, the appellate record lacks the necessary exhibits for us to determine if Poiteer's claim can be refuted. After remand, therefore, it will be incumbent upon the circuit court to determine whether section 775.087(2) was properly invoked in his case.[2]
Reversed.
DANAHY, A.C.J., and THREADGILL and BLUE, JJ., concur.
NOTES
[1] A contrary position was taken in Young v. State, 616 So.2d 1133 (Fla.3d DCA 1993). The majority disagreed with Bell, concluding this sort of error did not constitute an "illegal sentence" as that term is used in Florida Rule of Criminal Procedure 3.800(a).
[2] Perhaps the most common occasion for improper imposition of a mandatory sentence occurs when more than one person engages in an armed felony offense, but where only one actually carries the firearm. In this instance the "triggerman" faces a minimum mandatory sentence, but it is error to apply section 775.087(2) to the other(s). If such a case proceeds to trial, it is necessary that the trier of fact specifically find whether each individual defendant actually carried a firearm. See generally State v. Overfelt, 457 So.2d 1385 (Fla. 1984). If the case is resolved by plea, Bell demonstrates why receipt of a factual basis is imperative. However, as long as there is some evidence placing the gun in a particular defendant's hands, resolution of this question is for the trier of fact. Overfelt. Post-conviction proceedings are not intended to serve as, effectively, a new trial on the issue.