633 So.2d 112 (1994)
James R. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03533.
District Court of Appeal of Florida, Second District.
March 11, 1994.
PARKER, Acting Chief Judge.
James R. Brown appeals the summary denial of his motion to correct illegal sentences. We conclude that the trial court was correct in denying Brown's motion which alleged that he should have been treated as a youthful *113 offender. We, however, agree that the second sentencing issue which Brown has raised requires reversal.
In his motion, Brown seeks deletion of three mandatory minimum sentences required by section 775.087(2), Florida Statutes (1989). In one court appearance, Brown pleaded no contest to three robberies with a firearm, one robbery with a weapon, two robberies, and one attempted robbery with a weapon. The trial court ordered a presentence investigation. In his motion to correct illegal sentences, Brown alleged "[T]he court proceeded to the plea colloquy: Defendant denied having used a firearm in any of the alleged robbery offenses and had a tire iron tucked within his clothing that appeared to be a firearm by victims." Brown further alleged that the plea agreement did not state armed robbery with a firearm and that the trial court, without any credible evidence to support the mandatory minimum sentences, imposed minimum mandatory sentences in three cases.
The trial court denied Brown's motion, concluding that these matters must be brought up on direct appeal and are not subject to collateral attack. In this court's recent decision of Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993), the trial court imposed a minimum mandatory sentence on an armed robbery charge. The defendant's motion to correct an illegal sentence alleged that there was no showing or evidence to establish that the defendant was in actual possession of a firearm during the commission of the robbery. The trial court in Poiteer denied the motion, ruling that the defendant must raise the issue on direct appeal. This court reversed and held that remand to the trial court was necessary because the defendant sufficiently alleged prejudice by the application of section 775.087(2), the appellate record lacked the necessary exhibits for this court to determine if the defendant's claim could be refuted and the trial court did not reach the merits of the motion. Once remanded, it is incumbent upon the trial court to determine whether it properly invoked section 775.087(2). We, therefore, remand this case to the trial court to follow the directions set forth in Poiteer.
Reversed and remanded.
PATTERSON, J., concurs.
ALTENBERND, J., concurs in part and dissents in part.
ALTENBERND, Judge, concurring in part and dissenting in part.
I concur in the reversal of this case to allow Mr. Brown to challenge the lawfulness of his three minimum mandatory sentences on remand. I dissent from that part of the majority opinion which concludes the minimum mandatory terms in this case involve matters of law reviewable as illegal sentences under rule 3.800(a). In my opinion, Mr. Brown's challenge to his sentences involves factual issues that should be raised in a sworn motion filed pursuant to rule 3.850.
The record establishes that the defendant was specifically charged with offenses requiring minimum mandatory sentences. He entered a written plea of no contest and received sentences authorized by law. He did not appeal. As a matter of law, his sentences are authorized on the face of the record.
I understand the tendency when evaluating the merits of a postconviction motion to regard any potentially serious sentencing error as an issue involving an "illegal" sentence. But there are many valid reasons to restrict the concept of an illegal sentence to circumstances in which, on the face of the defendant's criminal record, the sentence is not permitted by law. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla. 1992). If a sentencing error involves a significant factual issue, it should be reviewed within the time restraints and the other limitations imposed by rule 3.850. My analysis probably conflicts with the analysis used in Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993), and other Second District decisions. If writing on a clean slate, I would follow the conflicting decision of the Third District in Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993).

*114 I. THE FACTS
In seven separate informations, Mr. Brown was charged with three robberies with a firearm, one robbery with a weapon, two robberies, and one attempted robbery with a weapon. The three relevant information expressly alleged that the defendant personally used a handgun during the commission of the robbery. The other charges either did not allege the use of a deadly weapon or expressly alleged the use of a tire iron.
In January 1992, Mr. Brown signed a written agreement in which he pleaded no contest on an open basis. Although the defendant now argues that the written plea agreement uses the description "robbery" and not "armed robbery," the written judgment shows that he was convicted as charged. His scoresheet permits a sentence up to twelve years. Mr. Brown's written sentences are all concurrent and less than ten years. He received concurrent three-year minimum mandatory sentences for those cases only in which the information expressly alleged the use of a firearm. Mr. Brown did not appeal the limited issues that he reserved upon entering his nolo contendere plea.
Mr. Brown filed his postconviction motion within two years of the entry of what he claims are illegal sentences. Contrary to the charges in the informations, the motion alleges that Mr. Brown always used a tire iron and never used a handgun while committing these robberies. He contends his attorney knew these facts and that the written plea agreement did not expressly admit the use of a handgun.
The trial court denied the motion for two reasons. First, the trial court ruled that Mr. Brown was required to raise this issue on direct appeal. Second, it suggested that none of the sentencing issues raised in the motion involved an illegal sentence as explained in Judge. Mr. Brown moved for rehearing, citing cases that had allowed the issue of a minimum mandatory sentence to be raised pursuant to rule 3.850 and requesting leave to amend the motion to satisfy the requirements of that rule. The trial court denied the motion for rehearing.
While I agree that the trial court erroneously decided Mr. Brown was obligated to raise this issue on direct appeal, I conclude that it correctly determined Mr. Brown had no basis to challenge these sentences as illegal under rule 3.800. It is clear from the materials attached to Mr. Brown's motion and the trial court's order that the three concurrent minimum mandatory sentences were facially legal. On the other hand, the defendant may have a factual basis to challenge his sentences under rule 3.850. Those factual issues are not barred by his failure to appeal the sentences. Because a motion under rule 3.850 would be timely in this case, I conclude that the trial court should have granted Mr. Brown's motion for rehearing.

II. THE DISTINCTION BETWEEN AN ILLEGAL AND AN UNLAWFUL SENTENCE
Thirty years ago, the notion that a sentence could be "unlawful" or "erroneous" or "imposed in violation" of the law without also being "illegal" would probably have seemed odd to most lawyers and judges. In 1961, when the legislature adopted the precursor to rule 3.800, a sentence was generally either legal or illegal. See § 921.24, Fla. Stat. (1965); ch. 61-39, Laws of Fla. At that time, one needed only to examine the information, the conviction, the sentence, and the statutes to determine whether the sentence was legally permissible. Occasionally, one would also need to examine the public records for the defendant's prior convictions. See generally Note, Judgment and Sentence in a Florida Criminal Case, 16 U.Fla.L.Rev. 312 (1963).
Even fifteen years ago, a trial judge still had great discretion in determining the length and conditions of a sentence. That discretion was not reviewable in most cases by the appellate courts. See ch. 924, Fla. Stat. (1977). Instead, the trial court's discretion was controlled or reviewed primarily by the Parole and Probation Commission in making case-specific decisions to parole prisoners before they had served their entire sentence. See § 947.17, Fla. Stat. (1977).
A radical change occurred in this process with the advent of sentencing guidelines, minimum mandatory terms, and complex sentencing rules for habitual felony offender *115 categories. The trial judge is now forced to make sentencing decisions based upon many case-specific factual matters. The review of this process is now vested primarily in the appellate courts instead of a parole board. The appellate courts have been given broad new jurisdiction to review sentencing errors on direct appeal. See Fla.R.App.P. 9.140(b)(1)(E); § 921.001(5), Fla. Stat. (1991). As a result, a trial judge may now impose an "erroneous" or "unlawful" sentence in violation of these sentencing laws  even though the length and basic conditions of the sentence are not facially "illegal."
With these developments it has become difficult to determine which sentencing issues: (1) must be raised on direct appeal; (2) may be raised for a limited time after the conviction as a factual controversy under rule 3.850; or (3) may be raised at any time as illegal under rule 3.800. The appellate courts have not always been careful to distinguish these three separate procedural postures. There is a tendency to use the words "unlawful" and "illegal" interchangeably  even though those concepts provide substantially different rights to the parties. See, e.g., Poiteer, 627 So.2d at 526. The case law concerning minimum mandatory sentences based on fact-specific circumstances demonstrate these difficulties.
The legislature has decided, rightly or wrongly, that the appellate courts are a cost-effective forum to review both the basic legal errors rendering a sentence illegal under traditional standards and also the case-specific factual problems resulting in a sentence that is erroneous or unlawful. As such, we must be careful to extend the unlimited protection given to illegal sentences only to those basic legal errors warranting that protection as a matter of due process and fundamental fairness. See Walker v. State, 462 So.2d 452, 454 (Fla. 1985) (Shaw, J., concurring in result only with opinion). Otherwise, we will create a system in which a sentence is never final. The taxpayers will be forced to pay for unending evidentiary proceedings initiated at the whim of prisoners who are not even required to file their allegations under oath.

III. APPELLATE REVIEW OF MINIMUM MANDATORY SENTENCES ON DIRECT APPEAL, UNDER RULE 3.850, AND UNDER RULE 3.800
When a defendant files a direct appeal, he or she has the right to challenge an illegal sentence or any sentencing error that the legislature has recognized as appealable in a general statute. Fla.R.App.P. 9.140(b). Even on a voluntary plea, a defendant has the right on direct appeal to challenge a sentencing error. See Fla.R.App.P. 9.140(b)(1)(D); Corraliza v. State, 391 So.2d 330 (Fla. 3d DCA 1980), review denied, 399 So.2d 1141 (Fla. 1981). Most sentencing errors are reviewable on direct appeal even in the absence of a contemporaneous objection at the sentencing hearing. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984).[1]
Thus, the erroneous imposition of a minimum mandatory sentence is reviewable on direct appeal. The jurisdictional basis for such an appeal, however, does not require that the sentence be treated as an illegal sentence. Instead, such sentencing errors are reviewed because they involve a sentence that falls outside "any relevant minimum and maximum sentence limitations provided by statute." § 921.001(5), Fla. Stat. (1991).
If a defendant does not raise the imposition of a minimum mandatory sentence on direct appeal, the issue is not barred from review on a postconviction motion. The trial court in this case reached the opposite conclusion by relying on a First District case. See Wooden v. State, 589 So.2d 372 (Fla. 1st DCA 1991). Even the First District has not consistently followed this rule. See Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991). It is clear that Second District precedent directly conflicts with Wooden.
There are valid reasons for permitting postconviction relief for both illegal and unlawful *116 sentences even if the issues were not raised on direct appeal. It is important, however, to recognize the reasons why the two different postconviction challenges vary.
Sentences that are factually erroneous, i.e., "unlawful" for purposes of rule 3.850, tend to require a review of evidence that was not in the record at the time of sentencing. We permit postconviction review of these factual matters because there can be no practical determination on the basis of the record provided for direct appeal. Such factual issues, however, become stale. Accordingly, rule 3.850 gives defendants a limited period in which to present these fact-based postconviction challenges. To avoid abuse, the rule requires sworn allegations of the critical facts that are outside the record.
Illegal sentences, on the other hand, are matters that appear on the face of the record and can be easily cured on direct appeal. We give an unlimited time to defendants to discover these errors because it would be fundamentally unfair in a country governed by the rule of law to permit a person to remain in jail beyond the time that such rule allows. An illegal sentence involves issues of law that do not become stale and do not require the testimony of persons who may no longer be available.[2] There is no reason for the state to impose arbitrary barriers against prisoners who wish to challenge sentences that are truly illegal.
There are at least two situations in which a minimum mandatory sentence can be an illegal sentence, subject to challenge at any time. First, if the defendant was not charged in the information with use of a firearm, he could not be convicted of an offense involving a firearm. On the face of his court record, the minimum mandatory would not be authorized by law and its imposition would be illegal without reference to any factual dispute. Helmick v. State, 569 So.2d 869 (Fla. 2d DCA 1990). Second, even if charged with a crime involving the use of a handgun, if the conviction is for a lesser offense not requiring use of a firearm, such a sentence would be facially illegal. Again, the record should establish this error without need for any evidentiary hearing. This case does not involve either of these situations.
Our record does not contain a transcript of the plea colloquy or the sentencing hearing. Mr. Brown at least implies that the use of a handgun was not established during either hearing. I agree with the Third District that the adequacy of the factual basis in a plea colloquy is a matter to be tested under rule 3.850 within two years. The state should not be required to retain plea colloquies indefinitely and to transcribe them whenever a defendant chooses merely to allege an "illegal" sentence due to a procedurally inadequate hearing. Young, 616 So.2d 1133.
In Koenig v. State, 597 So.2d 256 (Fla. 1992), the supreme court emphasized the importance of an adequate plea colloquy to satisfy the requirements of due process. I fully agree with that analysis, but Koenig was a direct appeal. To allow a defendant to challenge a conviction on direct appeal or even within two years under rule 3.850 because his attorney erroneously stipulated to an incorrect factual predicate is very sensible. On the other hand, a challenge to a sentence, not a conviction, because of an insufficient factual discussion at the plea colloquy or the sentencing hearing, should occur within two years and should require allegations under oath. Nothing about these reasonable limitations appears to deny a defendant due process.
Recently, our court has described a minimum mandatory sentence for use of a firearm both as an illegal sentence under rule 3.800 and an unlawful sentence under rule *117 3.850.[3] Our opinions, however, do not carefully distinguish between the two concepts. A review of the records in these cases indicates that most of them were filed within two years and the defendants' motions were filed under some type of an oath. Thus, the motions could have been treated as motions under rule 3.850 even though the issue is described as one involving an illegal sentence. The reference in Poiteer to correcting an "unlawful" sentence at any time, is clearly just an inadvertent misuse of terms.
Accordingly, I concur in the result reached in this case. In so doing, I encourage lawyers and judges to use the term "illegal sentence" in the context of a direct appeal or a rule 3.850 proceeding only when they truly believe the sentence is invalid as a matter of law and is a sentence that could be challenged at any time under rule 3,800(a).
NOTES
[1] Because a defendant has an unlimited time to challenge an illegal sentence in circuit court pursuant to rule 3.800(a), it might be more cost-effective if a defendant were first required to file such a motion before appealing an illegal sentence. In this manner, some appeals could be avoided. Moreover, misuse of the phrase "illegal sentence" in cases involving direct appeals would occur far less often.
[2] Examples of proper uses of rule 3.800(a) include: Pinellas v. State, 599 So.2d 272 (Fla. 5th DCA 1992) (sentence in excess of statutory maximum); Anderson v. State, 584 So.2d 1127 (Fla. 4th DCA 1991) (retention of jurisdiction on life sentence in excess of time allowed by statute); Owens v. State, 557 So.2d 199 (Fla. 2d DCA 1990) (imposing more than remaining balance of a true split sentence on probation violation); Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993) (most errors in jail credit, determinable from records readily available to the court, result in illegal sentences); Ospina v. State, 579 So.2d 810 (Fla. 5th DCA 1991) (sentence based on guidelines that had not been constitutionally enacted); Brady v. State, 587 So.2d 617 (Fla. 2d DCA 1991) (sentenced imposed under statute establishing a permissive range when offense alleged in information occurred prior to the effective date of the sentencing statute). See also Jones v. State, ___ So.2d ___ 19 Fla. L. Weekly D167 (Fla. 1st DCA Jan, 14, 1994).
[3] See Escobar v. State, 630 So.2d 203 (Fla. 2d DCA 1993) (reversing summary denial of "motion for postconviction relief" on basis of Poiteer); Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993) (rule 3,800 motion challenging imposition of minimum mandatory on basis that defendant did not possess gun during robberies); Blount v. State, 627 So.2d 576 (Fla. 2d DCA 1993) (same); Scott v. State, 622 So.2d 550 (Fla. 2d DCA 1993) (rule 3,800 motion alleging that minimum mandatory was illegal because state failed to show that robbery was committed with firearm and that factual basis existed to impose such an defendant's plea to robbery); Anfield v. State, 615 So.2d 853 (Fla. 2d DCA 1993) ("motion to correct sentence" alleging that sentence was illegal because defendant did not carry firearm during commission of offense); Ahedo v. State, 603 So.2d 80 (Fla. 2d DCA 1992) (motion filed pursuant to rule 3,850 challenging minimum mandatory terms and alleging that codefendant possessed firearm); Allen v. State, 598 So.2d 240 (Fla. 2d DCA 1992) (motion filed pursuant to rule 3,800 challenging minimum mandatory portion of sentence on basis that defendant did not possess firearm during commission of offense); Watson v. State, 525 So.2d 1034 (Fla. 2d DCA 1988) (same).