639 So.2d 1050 (1994)
Gary Mitchell NOWLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2153.
District Court of Appeal of Florida, First District.
July 12, 1994.
Leo A. Thomas, Pensacola, for appellant.
No appearance by State.
WOLF, Judge.
Appellant challenges the denial of his rule 3.800(a) motion to correct an illegal sentence. Appellant claims that the trial court erred in denying his motion when appellant was sentenced pursuant to a plea negotiation where the trial court failed to ascertain that there was a factual basis for appellant's plea. We find appellant's challenge was facially insufficient in that he failed to allege how he was prejudiced by the trial court's failure to determine that there was a factual basis for the plea. In addition, appellant's challenge is not the type of challenge which may be brought pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We therefore affirm.
Appellant entered guilty pleas in July and August of 1989, in 21 separate cases. In 10 of the cases, appellant pled to the court. In other cases, there were plea agreements signed by appellant. In a direct appeal, appellant only challenged the departure sentence which was imposed. The appeal was affirmed.
In May of 1993, appellant filed a motion pursuant to rule 3.800(a) to correct an illegal sentence. Appellant alleged that while there was a stipulation as to the factual basis for his plea, the failure to independently establish a factual basis caused his sentence to be illegal. The transcript of the plea colloquy demonstrates that the trial court carefully inquired into appellant's understanding of the plea, and that the plea was intelligent and voluntary. Appellant made no allegations that his plea was not entered voluntarily or that the failure to ascertain that the facts behind the plea caused him harm in any way.
In Koenig v. State, 597 So.2d 256 (Fla. 1992), the court stated that even though counsel stipulated to a factual basis for the plea, the plea of no contest was deficient where the trial court did not receive information on the record to establish the offense to which the defendant entered his plea. See also rule 3.172(a), Fla.R.Crim.P. (trial court, *1051 before entering guilty plea, should satisfy itself that there is a factual basis for the plea). This court followed Koenig in Goodwin v. State, 598 So.2d 295 (Fla. 1st DCA 1992), holding that it was error not to grant a motion to withdraw a no contest plea where there was no inquiry made by the trial court on the record as to the factual basis for the appellant's plea. The court noted that the fact that the defendant's attorney stipulated to the factual basis was insufficient. See also Baker v. State, 620 So.2d 1122 (Fla. 1st DCA 1993) (record must show trial court satisfied itself that there is a factual basis for the pleas; this court reversed the denial of a 3.850 motion).
In Suarez v. State, 616 So.2d 1067 (Fla. 3d DCA 1993), the third district court states that in order to be allowed to withdraw a guilty plea, a defendant must show prejudice or manifest injustice. The court distinguished Koenig on the ground that the trial court did comply with the requirements for determining the voluntariness of a guilty plea. The third district noted that the purpose of the factual basis is to avoid a defendant mistakenly pleading to the wrong offense. In affirming the trial court, the appellate court noted that the appellant did not contend that he pled guilty to the wrong offense or that he had any defense to the charges. Williams v. State, 316 So.2d 267 (Fla. 1975) (failure of trial court to establish factual basis for plea in record does not result in plea being set aside unless defendant can prove a manifest injustice).
A review of the cases from this court relied on by appellant reveals that while there is no specific statement that appellant must demonstrate prejudice prior to the court granting relief, in each case there is some evidence that appellant may have been harmed as a result of the failure to determine the factual basis for the plea. In Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991), it was alleged that the trial court erred in sentencing appellant to a three-year mandatory minimum without establishing in the record that he had actual possession of a firearm during commission of a felony. In Goodwin v. State, 598 So.2d 295 (Fla. 1st DCA 1992), there was nothing on the record to establish that appellant understood the contents of the plea agreement. In Baker v. State, 620 So.2d 1122 (Fla. 1st DCA 1993), the appellant alleged that he was not guilty of kidnapping with a firearm, armed robbery with a firearm, and possession of a firearm by a convicted felon. Baker continually asserted that he informed his counsel that he did not have a firearm. In each of these situations, it is alleged that the failure to ascertain the underlying facts resulted in prejudice to the appellant. In the instant case, no prejudice has been alleged. We believe that without some allegation of prejudice the appellant should not be entitled to relief. See Williams, supra; Suarez, supra.
In addition, appellant's claim may not be advanced pursuant to a rule 3.800(a) motion. In Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993), the third district held that the allegation that the plea colloquy was insufficient because of a failure to determine a factual basis was not cognizable by a rule 3.800(a) motion. That court stated that it was unclear whether the case of Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991), was in conflict with their holding because while the Bell court reached the merits of the claim, there was no indication that the procedural point was raised or considered by the Bell court. We are in agreement with the analysis of the third district in Young, and find that since the procedural issue was not discussed in Bell, there is no conflict between the Young and Bell decisions.
In Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla. 1992), and Brown v. State, 633 So.2d 112 (Fla. 2d DCA 1994), Judge Altenbernd of the second district does a masterful job of explaining the appropriate utilization of motions pursuant to rule 3.800(a) and rule 3.850, Florida Rules of Appellate Procedure. In Brown, Judge Altenbernd said,
Sentences that are factually erroneous, i.e., "unlawful" for purposes of rule 3.850, tend to require a review of evidence that was not in the record at the time of sentencing. We permit postconviction review of these factual matters because there can be no practical determination on the basis of the record provided for direct appeal. *1052 Such factual issues, however, become stale. Accordingly, rule 3.850 gives defendants a limited period in which to present these fact-based postconviction challenges. To avoid abuse, the rule requires sworn allegations of the critical facts that are outside the record.
Illegal sentences, on the other hand, are matters that appear on the face of the record and can be easily cured on direct appeal. We give an unlimited time to defendants to discover these errors because it would be fundamentally unfair in a country governed by the rule of law to permit a person to remain in jail beyond the time that such rule allows. An Illegal sentence involves issues of law that do not become stale and do not require the testimony of persons who may no longer be available. There is no reason for the state to impose arbitrary barriers against prisoners who wish to challenge sentences that are truly illegal.
....
Our record does not contain a transcript of the plea colloquy or the sentencing hearing. Mr. Brown at least implies that the use of a handgun was not established during either hearing. I agree with the Third District that the adequacy of the factual basis in a plea colloquy is a matter to be tested under rule 3.850 within two years. The state should not be required to retain plea colloquies indefinitely and to transcribe them whenever a defendant chooses merely to allege an "illegal" sentence due to a procedurally inadequate hearing. Young, 616 So.2d 1133.
Brown, supra at 116 (reference to footnote omitted).[1] This analysis is an extension of the reasoning proffered by Judge Altenbernd in the opinion on rehearing en banc in Judge, supra. This court has on a number of occasions specifically adopted the rationale in Judge and has determined that "[R]ule 3.800(a) is reserved for a narrow class of cases in which the sentence imposed can be described as truly `illegal' as a matter of law, for example, where the sentence imposed exceeds the statutory maximum sentence for the crime charged." Rouse v. State, 601 So.2d 281 (Fla. 1st DCA 1992), rev. denied, 604 So.2d 487 (Fla. 1992). See also, Kelly v. State, 599 So.2d 727 (Fla. 1st DCA 1992).
As Judge Altenbernd noted in Brown, a challenge to the adequacy of determining a factual basis for a plea is not an allegation that a sentence is illegal. This challenge goes rather to the voluntariness of the plea which will involve factual determinations concerning the sufficiency of the plea colloquy, and whether there was prejudice to the defendant as a result of the failure to determine a factual basis. Such matters are more properly resolved through a motion to withdraw the plea or a rule 3.850 motion which must be sworn to and brought within two years.[2] We therefore agree with the third district's decision in Young and affirm the trial court.
BARFIELD and MINER, JJ., concur.
NOTES
[1] In Brown, supra, 633 So.2d at 116 n. 2, Judge Altenbernd provided examples of proper uses of rule 3.800(a) as follows:

Pinellas v. State, 599 So.2d 272 (Fla. 5th DCA 1992) (sentence in excess of statutory maximum); Anderson v. State, 584 So.2d 1127 (Fla. 4th DCA 1991) (retention of jurisdiction on life sentence in excess of time allowed by statute); Owens v. State, 557 So.2d 199 (Fla. 2d DCA 1990) (imposing more than remaining balance of a true split sentence on probation violation); Thomas v. State, 611 So.2d 600 601 (Fla. 2d DCA 1993) (most errors in jail credit, determinable from records readily available to the court, result in illegal sentences); Ospina v. State, 579 So.2d 810 (Fla. 5th DCA 1991) (sentence based on guidelines that had not been constitutionally enacted); Bradley [Brady] v. State, 587 So.2d 617 (Fla. 2d DCA 1991) (sentence imposed under statute establishing a permissive range when offense alleged in information occurred prior to the effective date of the sentencing statute). See also Jones v. State [635 So.2d 41], 19 Fla. L. Weekly D167 (Fla. 1st DCA Jan. 14, 1994).
[2] The state should not be required to confront factual disputes in cases that have been final for over two years. Stale cases such as these will cause problems in securing transcripts and witnesses, and may also result in inadequate recollection by those witnesses who may still be available.