659 So.2d 1350 (1995)
Michael Lenard TODD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1357.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
Michael Lenard Todd, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Sr. Assistant Attorney General, Daytona Beach, for appellee.
PER CURIAM.
Michael Lenard Todd claims that the trial court erred by denying his motion to correct an illegal sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. In support of the motion he alleged that the sentencing court imposed a three year mandatory minimum for carrying a firearm during the attempted robbery, but that it was not he, but his co-defendant, who possessed the firearm.
If Todd's assertion, that he did not personally possess a firearm during the commission of the crime, is correct, the minimum mandatory term should not have been imposed. See Earnest v. State, 351 So.2d 957 (Fla. 1977).
The trial court attached only a copy of Todd's plea in support of Todd's denial. *1351 The court also should have attached a copy of some portion of the original record indicating that Todd's allegation was erroneous. See Poiteer v. State, 627 So.2d 526, (Fla. 2d DCA 1993) (where defendant alleged in 3.800 motion that there was no showing that he was in actual possession of a firearm and defendant sufficiently alleged prejudice, trial court erred in summarily denying relief without reaching merits of the motion); Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991) (defendant, by pleading guilty to robbery with a firearm, did not admit to personally carrying a firearm during the robbery and thus trial court was required at plea hearing to determine whether there was factual basis for minimum mandatory sentence). Contra Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993) (sentence with mandatory minimum not illegal where no factual basis given showing actual possession of firearm; issue must be raised in 3.850 motion).
We vacate the order denying the motion and remand for the trial court to delete the minimum mandatory or attach to its order portions of the record demonstrating a factual basis for the plea to the minimum mandatory.
ORDER VACATED; REMANDED.
PETERSON, C.J., and DAUKSCH and W. SHARP, JJ., concur.