686 So.2d 21 (1996)
John Edward BUTCHEK, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02521.
District Court of Appeal of Florida, Second District.
October 4, 1996.
PER CURIAM.
John Edward Butchek challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion he denies possessing a firearm during the robbery of which he was convicted, and argues that the three-year mandatory minimum sentence imposed is consequently illegal. The trial court determined that the issue is not cognizable in a rule 3.800(a) proceeding, and denied the motion. We reverse.
Members of this court have not always agreed that this issue involves an illegal sentence.[1] But the court has consistently required that trial courts determine whether section 775.087(2), Florida Statutes, has been properly invoked. Dye v. State, 667 So.2d 935 (Fla. 2d DCA 1996); Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993). The trial court, on remand, shall determine whether Butchek manually possessed a firearm during the robbery; if it can be ascertained that *22 he did by referencing documents in the record these should be appended as attachments to a subsequent order denying the motion.
Appellant's other challenges to his sentence are without merit.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and FULMER and QUINCE, JJ., concur.
NOTES
[1] See Brown v. State, 633 So.2d 112 (Fla. 2d DCA 1994).