PER CURIAM.
James Tim Word, Jr., appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse because the trial court failed to attach an adequate record to support its denial of Word’s motion.
Word was sentenced in 1990 for two robberies. Six years later, he filed his rule 3.800 motion attacking two three-year mandatory sentences he is serving which were imposed in 1990 for possessing a firearm during the robberies. In his motion, Word alleges that he did not possess a firearm during the robberies. The trial court denied Word’s motion, stating: “A rule 3.800 motion is not appropriate for significant questions of fact. Further, the sentence is not illegal.” In Butchek, v. State, 21 Fla. L. Weekly D2157, — So.2d — [1996 WL 566678] (Fla. 2d DCA, Oct. 4, 1996), this court recently addressed the same issue in an appeal from an order denying a motion filed pursuant to rule 3.800(a). This court stated:
Members of this court have not always agreed that this issue involves an illegal sentence. But the court has consistently required that trial courts determine whether section 775.087(2), Florida Statutes, has been properly invoked. Dye v. State, 667 So.2d 935 (Fla. 2d DCA 1996); Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993). The trial court, on remand, shall determine whether Butchek manually possessed a firearm during the robbery; if it can be ascertained that he did by referencing documents in the record these should be appended as attachments to a subsequent order denying the motion.
(footnote omitted).
In accordance with Butchek, we reverse and remand this case to the trial court for further consideration consistent with But-chek.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.