687 So.2d 327 (1997)
Eugene WICKLINE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3146.
District Court of Appeal of Florida, First District.
January 31, 1997.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Eugene Wickline challenges an order denying his motion, pursuant to Florida Rule of Criminal Procedure 3.800(a), to correct an illegal sentence. We affirm but certify conflict to the Florida Supreme Court.
This court has previously held that the issue raised by appellant in his motion, i.e., whether the trial court established a factual basis for this plea (specifically, whether he was in actual possession of the firearm during the commission of the crime), and as a result, erroneously imposed a three-year minimum mandatory sentence, is not cognizable in proceedings brought pursuant to rule 3.800(a). Nowlin v. State, 639 So.2d 1050 (Fla. 1st DCA 1994). We acknowledge that the Second District Court of Appeal has held to the contrary in Butchek v. State, 686 So.2d 21 (Fla. 2d DCA 1996). Pursuant to Article V, section 3(b)(3), of the Florida Constitution, we certify conflict with this decision.
Appellant's second point is without merit.
AFFIRMED.
MINER, ALLEN and MICKLE, JJ., concur.