PER CURIAM.
Freddrick Washington challenges the trial court’s denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which the court found his assertion that this mandatory three-year minimum for possession of a firearm [1] was only reviewable if raised by means of a rule 3.850 motion. We reverse.
Attempts to correct sentences which claim, as does Washington’s, an absence of a factual basis to sustain the mandatory portion of the sentence are in fact cognizable through the use of rule 3.800(a). Hubbard v. State, 667 So.2d 936 (Fla. 2d DCA 1996). When the conviction results from the verdict in a jury trial, the sentence can be sustained only if a special verdict form is returned establishing the facts necessary for the imposition of the mandatory sentence. State v. Tripp, 642 So.2d 728 (Fla.1994). In this case Washington entered a plea to the robbery charge, and the claim can be refuted by a transcript of the factual basis recited at the time the plea was entered, or by documents in the court file at the time of the plea, such as law enforcement affidavits.[2] In its order denying the motion the trial court made note of such an affidavit, but failed to append it to the order denying the motion.
We reverse the order of the trial court and remand for attachments which refute the claim, or, if none is available, for an eviden-tiary hearing. Hubbard, 667 So.2d at 937. The other claim raised by Washington is without merit.
Affirmed in part, reversed in part, and remanded.
QUINCE, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.

. Appellant claims there was no evidence that he was ever in manual possession of a firearm during the commission of the robbery to which he entered a plea, and that as a consequence no mandatory prison time applies. § 775.087(2), Fla.Stat. (1987).

. Depositions or police affidavits have been deemed sufficient to support a factual basis otherwise stipulated to by Ae parties in an attack on a Aree-year minimum which attempts to vacate Ae plea based upon a lack of voluntariness in entering Ae plea. Blackwood v. State, 648 So.2d 294 (Fla. 3d DCA 1995).