689 So.2d 1235 (1997)
Joseph Sal MANCINO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00583.
District Court of Appeal of Florida, Second District.
March 14, 1997.
*1236 LAZZARA, Judge.
The appellant, Joseph Mancino, challenges the trial court's denial of a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he contended that there was no factual basis to support the imposition of a three-year minimum mandatory sentence for possessing a firearm during the commission of a felony. Because we conclude that the trial court erroneously determined in the face of our prior holdings that it could not consider the merits of the appellant's motion under the auspices of rule 3.800(a), we reverse and remand for further proceedings. In doing so, we certify conflict with other district courts of appeal which have taken a contrary position on this issue, as well as certify a question of great public importance to the Florida Supreme Court regarding whether rule 3.800(a) is the appropriate postconviction procedural mechanism to raise a claim such as the appellant's in view of one of its recent opinions.
The appellant pleaded no contest to armed burglary in February of 1984. In accord with a negotiated plea agreement, he was sentenced to four years' imprisonment with a three-year minimum mandatory pursuant to section 775.087(2), Florida Statutes (1983). This section provides in part that a person "who had in his possession a `firearm'" during the commission of certain enumerated felonies, one of which is burglary, "shall be sentenced to a minimum term of imprisonment of 3 calendar years." As interpreted, it requires actual physical possession of a firearm, as opposed to vicarious or constructive possession, to justify the imposition of a minimum mandatory term. See, e.g., Earnest v. State, 351 So.2d 957 (Fla.1977).
There is no indication in this record, including the trial court's order and attachments, whether the appellant later challenged the underlying factual basis for this minimum mandatory term either by motion to withdraw his plea, direct appeal, or a sworn motion filed under Florida Rule of Criminal Procedure 3.850 within two years of his judgment and sentence becoming final. The record reflects, instead, that in December of 1996 the appellant filed an unsworn motion under rule 3.800(a) claiming that the three-year minimum mandatory portion of his sentence was illegal because there was no record evidence establishing that he had actual possession of a firearm at the time he committed the burglary.
The trial court subsequently denied the motion after concluding that such a claim *1237 must be raised under rule 3.850 instead of rule 3.800(a). It further determined that the appellant's claim was time-barred under the two-year limitation period of rule 3.850 and supported this determination by attaching a copy of the appellant's judgment and sentence dated February 17, 1984. The appellant filed a timely notice of appeal and, for the reasons expressed, we must now reverse and remand for further proceedings.
We first address the issue of the appellant's standing to raise this claim. Although we realize that an illegal sentence can be addressed at any time, see, e.g., Bedford v. State, 633 So.2d 13, 14 (Fla.1994), common sense would dictate that the appellant has long since served this sentence. In the motion before us, however, he alleged that he is currently serving this sentence and is "markedly prejudiced by the imposition of a three (3) year minimum applied against his aggregate four (4) year prison term." The appellant supported this assertion by attaching a copy of a memorandum from the Department of Corrections dated May 23, 1996, denying his request for the application of gain-time credit against the minimum mandatory portion of his sentence. We conclude from this record, therefore, and not without some regret, that even though the appellant for some unexplained reason waited almost thirteen years to question the underlying factual basis for his minimum mandatory sentence, nevertheless, he has sufficiently alleged entitlement to relief under rule 3.800(a) in accord with our prior holdings. See, e.g., Poiteer v. State, 627 So.2d 526, 527 (Fla. 2d DCA 1993) (holding that in a rule 3.800(a) motion a defendant must specifically allege prejudice by application of section 775.087(2)). Moreover, as the appellant alleged, if his sentence is truly illegal, he cannot acquiesce in the trial court's imposition of an illegal sentence even if it is imposed pursuant to a plea agreement. See, e.g., Williams v. State, 500 So.2d 501, 503 (Fla.1986).
In arriving at this conclusion, we are mindful of the recent amendments to Florida Rule of Criminal Procedure 3.800 and Florida Rules of Appellate Procedure 9.020 and 9.140 relating to unlawful and illegal sentences in which the supreme court has sent a clear and definite signal that it intends for issues involving such sentences to be presented expeditiously to the trial and appellate courts of this state for immediate resolution. See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375-1376 (Fla.1996), as amended in 685 So.2d 1253, 1270-1271 (Fla.1996), and 685 So.2d 773, App. 782-783 (Fla.1996); Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, App. 799-807 (Fla. 1996). See also § 924.051, Fla. Stat. (Supp. 1996) (imposing terms and conditions for appeals and collateral review in criminal cases). We can only hope that these amendments, coupled with the court's recent pronouncement in State v. Montague, 682 So.2d 1085, 1088 (Fla.1996), emphasizing again that a "sentencing hearing is the appropriate time to object to alleged sentencing errors based on disputed factual matters[,]" will act to curtail in the future what has transpired in this case: the resurrection of a long since final judgment and sentence to resolve a disputed factual issue, together with the accompanying burden it has placed on the already over stretched resources of this state's criminal justice system to settle that dispute some thirteen years later. Because, however, these new amendments became effective long after the appellant was sentenced, they do not apply.
We next observe that this court has consistently held, not without some disagreement, that a defendant may properly invoke rule 3.800(a) as the appropriate postconviction vehicle to challenge the legality of a minimum mandatory sentence imposed under section 775.087(2) based on a claim that there is no evidence to support the fact that the defendant actually possessed a firearm during the commission of one of the statutorily enumerated felonies. See, e.g., Word v. State, 682 So.2d 642 (Fla. 2d DCA 1996); Brown v. State, 633 So.2d 112 (Fla. 2d DCA 1994) (Altenbernd, J., dissenting). We must, therefore, consistent with our precedent, reverse the trial court's order and direct on remand that it determine whether the appellant manually possessed a firearm during the burglary. See Butchek v. State, 686 So.2d 21 *1238 (Fla. 2d DCA 1996). If the trial court can make this determination by referring to documents in the record, then these documents must be attached to any subsequent order denying the motion. Id. Otherwise, the trial court must conduct an evidentiary hearing to resolve the appellant's claim. See Robinson v. State, 640 So.2d 1200, 1201 (Fla. 2d DCA 1994).
We recognize that our precedent in this area of the law conflicts with two other districts. See Wickline v. State, 687 So.2d 327 (Fla. 1st DCA 1997) (holding that whether a defendant was in actual possession of a firearm during the commission of a felony so as to justify imposition of three-year minimum mandatory is not cognizable in proceedings brought under rule 3.800(a) and certifying conflict with Butchek);[1]Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993) (holding that a challenge to an inadequate factual basis to support imposition of three-year minimum mandatory under section 775.087(2) must be brought by motion under rule 3.850 and not rule 3.800(a)). Another district, however, agrees with our approach. See Todd v. State, 659 So.2d 1350 (Fla. 5th DCA 1995) (citing Poiteer in support of vacating trial court's denial of rule 3.800(a) motion alleging no factual basis to support imposition of three-year minimum mandatory and remanding for trial court either to delete minimum mandatory sentence or to attach to its order portions of record establishing factual basis for the plea as to the minimum mandatory). Accordingly, in an effort to have the Florida Supreme Court expeditiously resolve these contrary positions, we deem it appropriate to certify conflict with the First District's opinion in Wickline and the Third District's opinion in Young.
We also deem it appropriate to seek guidance from the Florida Supreme Court regarding whether a defendant must invoke rule 3.800(a) or rule 3.850 as the proper postconviction legal mechanism to attack a three-year minimum mandatory sentence imposed in accord with section 775.087(2) on the basis that there is no factual support to establish that a firearm was possessed during the commission of a statutorily designated felony. Our motivation for doing so stems from its recent decision in State v. Callaway, 658 So.2d 983 (Fla.1995).
In that case, the supreme court considered, in response to two certified questions from this court, whether rule 3.800(a) or rule 3.850 should be the basis for resolving a postconviction attack on a Hale sentencing issue. See Hale v. State, 630 So.2d 521 (Fla. 1993) (prohibiting imposition of consecutive habitual felony offender sentences under section 775.084, Florida Statutes, for multiple offenses arising out of the same criminal episode), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). In its consideration of this issue, the court explained again that "an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines." 658 So.2d at 988 (citing Davis v. State, 661 So.2d 1193 (Fla.1995)). The court also observed that because a rule 3.800(a) motion, which is directed at the correction of an illegal sentence, "can be filed at any time, even decades after a sentence has been imposed, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." 658 So.2d at 988 (emphasis added). It concluded, therefore, that because a Hale sentencing issue is not a pure question of law, and because it necessarily involves the resolution of factual issues regarding the times, places, and circumstances of the offense which often cannot be determined from the face of the record, resolution of the issue requires "an evidentiary determination and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing." 658 So.2d at 588 (emphasis added).
*1239 It would appear from this analysis that the supreme court has sent a clear message that rule 3.850 and not rule 3.800(a) is the appropriate rule to raise a sentencing error claim in a postconviction setting when the claim requires resolution of a factual issue and that, therefore, Callaway has implicitly overruled our prior holdings authorizing the use of rule 3.800(a) to resolve such a factual dispute within the realm of a three-year minimum mandatory sentence under section 775.087(2). Cf. Montague, 682 So.2d at 1087 (observing that supreme court's subsequent opinion had "tacitly disapproved" of one of our opinions as to a sentencing issue without ever expressly indicating so). Until such time, however, as the supreme court overrules our decisions as to this specific sentencing issue or we recede from them, we must follow them. See Carr v. Carr, 569 So.2d 903 (Fla. 4th DCA 1990); accord, Montague v. State, 656 So.2d 508, 510 (Fla. 2d DCA 1995) (on motion for rehearing), quashed on other grounds, 682 So.2d 1085 (Fla.1996); see also State ex rel. Garland v. City of West Palm Beach, 141 Fla. 244, 247-248, 193 So. 297, 298 (1940) (noting that "[f]or one case to have the effect of overruling another, the same questions must be involved; they must be affected by a like set of facts and a conclusion must be reached in hopeless conflict with that in the former case") (emphasis added).
To expedite the resolution of this issue and thus obtain a definitive answer as to whether our precedent retains its vitality in the face of Callaway, we certify the following question to the Florida Supreme Court:
AFTER STATE V. CALLAWAY, 658 So.2d 983 (Fla.1995), IS FLORIDA RULE OF CRIMINAL PROCEDURE 3.850 RATHER THAN FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a) THE APPROPRIATE POSTCONVICTION PROCEDURAL MECHANISM FOR CONTESTING A THREE-YEAR MINIMUM MANDATORY SENTENCE IMPOSED PURSUANT TO SECTION 775.087(2), FLORIDA STATUTES, ON THE BASIS THAT A FIREARM WAS NOT POSSESSED DURING THE COMMISSION OF ONE OF THE STATUTORILY DESIGNATED FELONIES?
In closing, we note that this case represents another recurring example of a trial court in this district taking a contrary position to our well-established precedent that claims such as the appellant's are procedurally cognizable under rule 3.800(a). See, e.g., Word, 682 So.2d 642; Hubbard v. State, 667 So.2d 936 (Fla. 2d DCA 1996). We recently confronted similar situations in White v. State, 688 So.2d 1005 (Fla. 2d DCA 1997), and Washington v. State, 688 So.2d 416 (Fla. 2d DCA 1997). As in this case, the trial court in Washington denied a rule 3.800(a) motion attacking the legality of a mandatory three-year minimum sentence for possession of a firearm imposed under section 775.087(2), after determining that such a claim could only be reviewed by means of a rule 3.850 motion. In reversing that determination, we reaffirmed that "[a]ttempts to correct sentences which claim, as does Washington's, an absence of a factual basis to sustain the mandatory portion of the sentence are in fact cognizable through the use of rule 3.800(a)."
It may very well be that we have engendered some confusion among the trial courts by authorizing the use of rule 3.800(a) to resolve a factual dispute because such an approach has traditionally been reserved for rule 3.850. Furthermore, it may very well come to pass that the Florida Supreme Court, in light of its holding in Callaway, may determine that a postconviction sentencing issue such as the appellant's constitutes an attack on the "unlawfulness" as opposed to the "illegality" of a sentence and thus conclude that because such an attack involves the resolution of a factual issue, rule 3.850 with its two-year limitation period and provision for an evidentiary hearing, and not rule 3.800(a) which has no time limitation period and is limited to an examination of the face of the record, is the appropriate procedural vehicle for raising such a claim.[2] Until that *1240 time comes, however, or until we recede from Washington and its predecessors en banc, the trial courts of this district must follow our lead in accord with the rule of law. See Wood v. Fraser, 677 So.2d 15, 18-19 (Fla. 2d DCA 1996).
We, therefore, reverse the trial court's order denying the appellant's rule 3.800(a) motion, remand for further proceedings consistent with this opinion, certify conflict with other district courts of appeal, and certify a question of great public importance to the Florida Supreme Court.
Reversed and remanded for further proceedings with directions; conflict and question certified.
FRANK, A.C.J., and WHATLEY, J., concur.
NOTES
[1] Ironically, the genesis for our precedent in this area of the law stems from a First District case. See Anfield v. State, 615 So.2d 853 (Fla. 2d DCA 1993) (citing Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991), in support of proposition that a three-year minimum mandatory sentence imposed pursuant to section 775.087(2) constitutes an illegal sentence if firearm not carried during the commission of a felony), limited by Poiteer, 627 So.2d at 527 (declining to follow Bell to the limited extent it suggests mere procedural failure to find a factual basis for imposing three-year minimum mandatory is reversible error).
[2] See generally Judge v. State, 596 So.2d 73, 76 n. 1 (Fla. 2d DCA 1991) (en banc) (distinguishing between an unlawful sentence which is correctable only after an evidentiary hearing under rule 3.850 and an illegal sentence in which the error must be corrected as a matter of law under rule 3.800(a)), review denied, 613 So.2d 5 (Fla.1992), cited with approval in State v. Callaway, 658 So.2d 983, 987-988 (Fla.1995) (citing Judge in support of distinction between unlawful and illegal sentences); see also Brown v. State, 633 So.2d 112, 115-117 (Fla. 2d DCA 1994) (Altenbernd, J., dissenting) (arguing in reliance on Judge that a claim such as the appellant's should be considered an unlawful sentence correctable only by sworn motion under rule 3.850 filed within the rule's two-year limitation); Nowlin v. State, 639 So.2d 1050, 1052 n. 2 (Fla. 1st DCA 1994) (agreeing with dissent in Brown and further noting the difficulties inherent in requiring the state to confront factual disputes in stale cases, like the appellant's, that have been final for more than two years, such as problems in securing transcripts and witnesses as well as the fading recollection of available witnesses).