705 So.2d 1379 (1998)
STATE of Florida, Petitioner,
v.
Joseph Sal MANCINO, Respondent.
No. 90174.
Supreme Court of Florida.
February 5, 1998.
Rehearing Denied April 22, 1998.
*1380 Robert A. Butterworth, Attorney General; Robert J. Krauss, Senior Assistant Attorney General and Ronald Napolitano, Assistant Attorney General, Tampa, for Petitioner.
Joseph Sal Mancino, pro se, Sneads, Respondent.
GRIMES, Senior Justice.
We have for review the decision in Mancino v. State, 689 So.2d 1235 (Fla. 2d DCA 1997), which certified conflict with the decisions in Wickline v. State, 687 So.2d 327 (Fla. 1st DCA 1997), and Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993), and which certified the following question to this Court:
AFTER STATE V. CALLAWAY, 658 So.2d 983 (Fla.1995), IS FLORIDA RULE OF CRIMINAL PROCEDURE 3.850 RATHER THAN FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a) THE APPROPRIATE POSTCONVICTION PROCEDURAL MECHANISM FOR CONTESTING A THREE-YEAR MINIMUM MANDATORY SENTENCE IMPOSED PURSUANT TO SECTION 775.087(2), FLORIDA STATUTES, ON THE BASIS THAT A FIREARM WAS NOT POSSESSED DURING THE COMMISSION OF ONE OF THE STATUTORILY DESIGNATED FELONIES?
Mancino, 689 So.2d at 1239. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Joseph Sal Mancino pled no contest in 1984 to armed burglary. Under the terms of the plea agreement, he was sentenced to four years with a three-year minimum mandatory for possession of a firearm. § 775.087(2), Fla. Stat. (1983). In 1996, Mancino filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).[1] In that motion, Mancino alleged that the three year minimum mandatory portion of his sentence was illegal because the record lacked any evidence that Mancino had actual possession of a firearm when he committed the felony.[2] The trial court concluded that Florida Rule of Criminal Procedure 3.850, not 3.800(a), was the proper procedural vehicle for Mancino's claim. Accordingly, the trial court denied the motion as time-barred because it had not been filed within the two year limitation period of rule 3.850.
Following its earlier precedent, the Second District Court of Appeal reversed, concluding that Mancino's motion had been properly filed under rule 3.800(a). See, e.g., Butchek v. State, 686 So.2d 21 (Fla. 2d DCA 1996); Word v. State, 682 So.2d 642 (Fla. 2d DCA 1996); Brown v. State, 633 So.2d 112 (Fla. 2d DCA 1994); accord Todd v. State, 659 So.2d 1350 (Fla. 5th DCA 1996). The district court of appeal remanded with directions that the trial court determine whether Mancino had manually possessed a firearm during the burglary. The court further stated that if the trial court could make this determination by referring to documents in the record, the trial court could attach those documents to its order denying the motion. Otherwise, the trial court was directed to conduct an evidentiary hearing to resolve the claim. Mancino, 689 So.2d at 1237-38. The court certified conflict with Wickline and Young and certified the aforementioned question.
In Wickline, the First District Court of Appeal held that a motion pursuant to rule 3.800(a) was not a proper method to challenge the factual basis underlying the three year minimum mandatory imposed as the result of the defendant's plea. The Third District Court of Appeal reached a similar conclusion in Young but authorized the filing of a motion under rule 3.850 for these challenges.
Resolution of the certified conflict is controlled by our decisions in State v. Callaway, 658 So.2d 983 (Fla.1995), and Davis v. State, 661 So.2d 1193 (Fla.1995). In Callaway, we concluded that an alleged Hale[3] sentencing *1381 error was not cognizable as an illegal sentence under rule 3.800(a) because resolution of the issue required an evidentiary determination. We explained that rule 3.800 motions are "limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." Callaway, 658 So.2d at 988. That same day we issued Davis, in which we stated that for purposes of rule 3.800(a), an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense. See also Lee v. State, 679 So.2d 1158 (Fla.1996) (holding that trial court's failure to consider the defendant for youthful offender status, while error, did not render defendant's sentence illegal under rule 3.800(a) because it did not exceed the maximum prescribed for the committed offense).
Mancino's motion attacked the factual basis for the imposition of the minimum mandatory and did not allege that his sentence exceeded the maximum authorized by law. Thus, rule 3.850 rather than rule 3.800(a) was the proper procedural vehicle for Mancino to challenge his minimum mandatory sentence, and we answer the certified question accordingly.[4] Because the two-year period within which Mancino could file a motion under rule 3.850 has long since past, his claim must be denied.
We approve Wickline and Young. We quash the decision below and disapprove Butchek, Word, Brown, and Todd to the extent they conflict with this decision.
It is so ordered.
OVERTON, HARDING and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which KOGAN, C.J., and SHAW, J., concur.
ANSTEAD, Justice, dissenting.
At the very least, since the Second District has consistently taken the position that rule 3.800 may be properly utilized under the circumstances of this case, we should not deny relief to the defendant here who has acted to his detriment in reliance on the Second District's long line of cases on this issue.
KOGAN, C.J., and SHAW, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.800(a) presently states:

(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.
[2] Inexplicably, it appears that Mancino had not yet served out his minimum mandatory sentence.
[3] Hale v. State, 630 So.2d 521 (Fla. 1993), held that the habitual offender statute does not authorize the imposition of consecutive habitual felony offender sentences for multiple crimes committed during a single criminal episode.
[4] We do not address here whether Florida Rule of Appellate Procedure 9.140(d), enacted in 1996, would preclude relief even under rule 3.850 if a motion to correct the alleged sentencing error had not been made pursuant to newly enacted Florida Rule of Criminal Procedure 3.800(b).