PER CURIAM.
Clermeau Dol appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Dol entered into a plea bargain in 1998 covering six circuit court cases.* The agreement was for a forty-year sentence with six consecutive three-year mandatory minimum sentences.
By this third motion for postconviction relief, the defendant maintains that there is no factual basis to support the proposition that he personally possessed a firearm during the commission of these crimes. He argues that the mandatory minimum sentences must be vacated. It is not entirely clear whether the defendant maintains that he did not, in fact, personally possess a firearm during these crimes, or whether he is simply claiming that an insufficient showing of a factual basis was placed on the record.
This claim raises factual issues which must be brought by a motion under Florida Rule of Criminal Procedure 3.850 and is subject to the two-year time limitation contained in that rule. See Fla. R.Crim. P. 3.850(b); State v. Mancino, 705 So.2d 1379, 1381 (Fla.1998). This claim is time-barred.
The defendant also maintains that his sentences on certain counts exceed the legal maximum. The defendant is incorrect. The defendant’s first degree felonies were punishable by life imprisonment. See § 810.02(2), Fla. Stat. (1997). Further, even if that were not so, the defendant’s scoresheet for the combined cases included the life sentence. See id. § 921.0014(2). Under that version of the guidelines, the court may exceed Florida legal maximum if the guidelines exceed the legal maximum. See id.
Affirmed.

 These were circuit court case numbers 97-17349, 97-17934, 97-17935, 97-17773, 97-17584, and 98-2046.