PER CURIAM.
This cause is before us on appeal from Johnson’s judgment and sentence for first-degree murder, armed robbery, and armed kidnapping. We affirm Johnson’s judgment without comment. However, the State concedes that Johnson’s sentences for armed robbery and armed kidnapping are improper, insofar as they each impermissibly mandate three-year mandatory minimum terms for vicarious (as opposed to actual) possession of a firearm under section 775.087(2), Florida Statutes (1993). Hernandez v. State, 621 So.2d 1353,1356 (Fla.1993); Bell v. State, 589 So.2d 1374, 1376 (Fla. 1st DCA 1991). We therefore partially vacate Johnson’s sentence, and remand for resentencing on Johnson’s convictions for armed robbery and armed kidnapping, with directions that the three-year minimum mandatory sentences imposed therein be stricken. Johnson need not be present at resentencing. Davis v. State, 387 So.2d 490 (Fla. 1st DCA 1980).
JUDGMENT AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING WITH DIRECTIONS.
BOOTH, JOANOS and LAWRENCE, JJ., concur.