536 So.2d 363 (1988)
Travis Lee STUART, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3092.
District Court of Appeal of Florida, Second District.
December 28, 1988.
*364 Travis L. Stuart, pro se, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant challenges his conviction for first degree murder and his sentence for grand theft in the second degree. He raises several points on appeal, but we only find merit in his contention that the trial judge erred in using a category one scoresheet when computing his guidelines sentence for the grand theft conviction.
At the sentencing hearing the state advised the trial judge that there were no category six scoresheets in the courtroom. The trial judge stated that a category one scoresheet should be used reflecting the higher offense of first degree murder.
The state seems to concede that it was error to utilize a category one scoresheet in sentencing the appellant for the grand theft as Florida Rule of Criminal Procedure 3.701(d)(3) defines primary offense as that offense at conviction which, when scored on the guidelines scoresheet, recommends the most severe sanction. However, a first degree murder conviction, a capital felony, cannot be scored as an offense at conviction since the guidelines apply only to all noncapital felonies. But, the state further contends that first degree murder constitutes a clear and convincing reason to depart, as it would be an unscored conviction using a category six scoresheet.
We agree with the state and reverse the grand theft sentence but affirm the conviction for grand theft and the conviction and sentence for first degree murder.
Capital felonies are not subject to the sentencing guidelines, § 921.001(4)(a), Fla. Stat. (1985), and cannot be considered in calculating the presumptive range. Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984). Consequently, a category six (thefts) scoresheet should have been used to compute the appellant's guidelines sentence for the grand theft conviction. The appellant's first degree murder conviction may be considered by the trial judge as a reason for departing from the guidelines. Id.
Accordingly, we affirm the appellant's convictions but reverse the appellant's sentence for grand theft and remand for resentencing with directions consistent with this opinion.
SCHOONOVER, A.C.J., and FRANK, J., concur.