563 So.2d 820 (1990)
Clifford SHELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1702.
District Court of Appeal of Florida, Fourth District.
July 5, 1990.
*821 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn G. Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant seeks reversal of his attempted sexual battery and aggravated assault convictions and his sentences as an habitual offender.
During voir dire the state exercised a peremptory challenge of a black prospective juror. After defense counsel objected on racial grounds, the prosecutor attempted to justify the challenge:
[The excused juror] is continuously looking down and he knows [appellant] from somewhere and I don't know where, but I don't want him to recognize him from the trial.
The trial judge overruled the objection and excused the challenged juror.
The appellant met his initial burden of objecting and showing that the challenged juror belonged to a distinct racial group. State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); State v. Neil, 457 So.2d 481 (Fla. 1984). The prosecutor's failure to question the juror about the grounds for the challenge rendered the explanation "suspect." Slappy, 522 So.2d at 22. Because the objection was not frivolous the burden shifted to the state to present a "clear and reasonably specific racially neutral explanation." Id. As conceded by the state, nothing in the record shows that the challenged juror knew appellant. Also, we find nothing in the record to substantiate that the juror was "looking down." The prosecutor's baseless explanation established that the peremptory challenge was racially motivated. See Reed v. State, 560 So.2d 203, 206 (Fla. 1990).
Accordingly, we reverse appellant's convictions and sentences and remand for a new trial. We do not address the remaining issues except to state that the habitual offender statute limits an enhanced third degree felony sentence to "a term of years not exceeding 10." § 775.084(4)(a)(3), Fla. Stat. (1987).
REVERSED AND REMANDED FOR A NEW TRIAL.
DOWNEY and POLEN, JJ., concur.