PER CURIAM.
Appellant challenges only the departure sentences imposed upon his conviction for possession of cocaine and delivery of cocaine. We affirm his convictions but remand for correction of his sentence.

Case No. 87-10127:

On August 31, 1987, appellant was charged with delivery of cocaine and pos *153 session of cocaine. Appellant pled guilty to the charge of delivery of cocaine. He was sentenced to two years probation. Subsequently, as a result of his violation of probation, appellant was sentenced to two years community control concurrent to the sentence in case number 87-13533. After a subsequent violation of community control, he was sentenced to two-and-one-half years imprisonment, followed by twelve- and-one-half years probation concurrent to his sentence in case number 87-13533.

Case No. 87-13533:

On November 17, 1987, appellant was charged with delivery of cocaine. He pled guilty and was sentenced to two years community control to be concurrent to his sentence in case number 87-10127. After a violation of community control, he was sentenced to fifteen years probation concurrent to the probation in case number 87-10127, but consecutive to the prison term.

Case No. 89-6955:

On May 23, 1989, appellant was charged with delivery of cocaine. He pled guilty and was sentenced on June 30,1989, to five years probation, consecutive to the prison term.that he was serving and concurrent with his other probation.
On July 24, 1990, after pleading guilty to a violation of probation, appellant was sentenced to five-and-one-half years imprisonment followed by five years probation for case number 87-13533, five years probation for case number 87-10127 and five years probation for case number 89-6955. The terms of probation were to run concurrently with each other but consecutive to the prison term. The guidelines recommendation was for two-and-one-half to three-and-one-half years imprisonment.
Appellant argues that it was error to sentence him above the guidelines recommendation without providing written reasons. However, appellant scored 118 points, which placed him in the third cell of the category seven scoresheet. With the one-cell bump allowed in sentencing after violation of probation, appellant fell into the fourth cell, which has a permitted range of two-and-one-half to five-and-one-half years. Appellant’s scoresheet reflects a guidelines sentence of two-and-one-half to three-and-one-half and a range of community control to five-and-one-half. This is incorrect. The permitted range for appellant’s score of 118 points is two-and-one-half to five-and-one-half years.
The court sentenced appellant to five-and-one-half years in prison, followed by three terms of five years probation to be served concurrent to each other, but consecutive to the prison time. The court did not provide written reasons for departure because it did not intend to impose a departure sentence. When the court indicated that this was appellant’s fourth violation, it was not articulating a reason for departure but was offering the reason that it would not reinstate appellant’s probation or place him on community control as requested by his counsel.
Apparently the court and both counsel were operating under the assumption that the permitted range applied to all three of these cases. However, appellant committed the crimes in case numbers 87-10127 and 87-13533 before the permitted range was in effect. Therefore, the permitted range does not apply to these cases. It does, however, apply to case number 89-6955.
Appellant’s scoresheet reflects that case number 89-6955 was scored as the primary offense at conviction, yet it was in case number 87-13533 where appellant received the five-and-one-half years prison time. Because the five-and-one-half-year sentence is valid for case number 89-6955, and the scoresheet reflects that this was the primary offense at conviction, this court remands for correction of the sentences. The five-and-one-half-year prison term should, on remand, be imposed in case number 89-6955.
SCHOONOVER, C.J., and CAMPBELL and PATTERSON, JJ., concur.