PER CURIAM.
Scott Kevin Brady appeals the summary denial of his timely filed postconviction relief motion. Only one of his claims merits consideration.
Brady alleges that he was given an illegal sentence that exceeded the guidelines by two cell ranges. It appears that he is correct. Brady had been placed on community control for the offenses of grand theft and uttering a forged instrument, third degree felonies, which occurred in March 1988. Brady subsequently violated the community control and appeared before the circuit court for sentencing. The guidelines scoresheet indicates that the guidelines sentencing range was 2½ to 3½ years. A one-cell increase for the violation of community control placed the range at 3½ to 4½ years. However, the trial court sentenced Brady in excess of the guidelines to five years imprisonment on the grand theft charge followed by six months consecutive imprisonment for the uttering offense. No departure reasons were given. It appears that the court believed the sentence was permissible as within the permitted range, however, this was error as the crimes were committed before the permitted range was in effect. Burnett v. State, 584 So.2d 152 (Fla. 2d DCA 1991).
While we agree that the appellant is not entitled to relief of the other grounds raised in his motion, we reverse the denial of the appellant’s motion on the ground discussed above. We remand to the trial court with directions to sentence the appellant in accordance with the guidelines in effect at the time Brady’s offenses were committed.
CAMPBELL, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.