596 So.2d 1155 (1992)
Stewart Peter STRICKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02838.
District Court of Appeal of Florida, Second District.
March 27, 1992.
Rehearing Denied May 1, 1992.
Stewart Peter Strickland, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant challenges the order revoking his probation and the resulting sentences and orders of restitution. We affirm the revocation of probation, but reverse the sentences and restitution orders and remand for a restitution hearing and resentencing within the guidelines.
The appellant was serving probation on nine separate cases consisting of eleven counts of theft and negotiable instrument offenses, all of which were committed before July 1, 1988. His probation was revoked in September 1990, and he was sentenced in excess of the recommended guidelines sentence. The reason given for departure was the appellant's classification as an habitual offender in the three more recent cases.
The state concedes all of the sentencing issues except the appellant's classification as an habitual offender. At the time of the offenses for which the appellant was habitualized, the guidelines statute[1] had been construed to preclude the application of the habitual offender statute as an alternative to guidelines sentencing or as a reason for departure. See Whitehead *1156 v. State, 498 So.2d 863 (Fla. 1986). In 1988, the habitual offender statute[2] was amended to exempt it from the guidelines; however, the amendment did not become effective until October 1, 1988, after the commission of the offenses for which the appellant was being sentenced. Ch. 88-131, § 6, Laws of Fla. Prior to the 1988 amendment, a trial court could not enhance a sentence in excess of the guidelines under the habitual offender statute. Therefore the trial court erred in departing from the guidelines for the reason that the appellant was classified an habitual offender. Nevertheless, as the state maintains, this construction did not prohibit classification as an habitual offender so long as the sentence did not exceed the maximum guideline sentence including the one-cell increase for revocation of probation. See Winters v. State, 522 So.2d 816 (Fla. 1988). We therefore reverse the departure sentence but affirm the appellant's classification as an habitual offender.
The appellant raises four additional sentencing issues on appeal, which the state concedes, and we reverse. Upon resentencing, the trial court may not exceed the one-cell increase for a probation revocation. See Ree v. State, 565 So.2d 1329 (Fla. 1990). Moreover the trial court must apply the guidelines in effect at the time of the offenses for which the appellant is being sentenced. Brady v. State, 587 So.2d 617 (Fla. 2d DCA 1991). Because the appellant's offenses were committed before July 1, 1988, they were not subject to guideline amendments enacted in chapter 88-131, section 1, Laws of Florida. Thus upon resentencing, the permitted range of the guidelines must not be applied and offenses for which probation was revoked must be scored as additional offenses instead of as prior record. Watts v. State, 580 So.2d 899 (Fla. 2d DCA 1991) and DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988). We also reverse the restitution orders imposed in this case because the appellant was not afforded an opportunity to be heard. See Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989).
In summary, we affirm the revocation of probation and the appellant's classification as an habitual offender, but we reverse the sentences and orders of restitution and remand for resentencing within the guidelines.
Affirmed in part; reversed in part.
HALL, A.C.J., and THREADGILL and PARKER, JJ., concur.
NOTES
[1] § 921.001(4)(a), Fla. Stat. (1987).
[2] § 775.084, Fla. Stat. (1987).