PER CURIAM.
Freeman Brintley petitions this court for a writ of habeas corpus. He contends, and we agree, that he received ineffective assistance of counsel in the direct appeal from his conviction and sentence for possession of firearm by convicted felon.[1] Specifically, counsel neglected to contest the legality of Brintley’s ten-year prison sentence. We *1304 now conclude that the sentence was erroneously imposed, requiring us to remand this case for resentencing.
The ten-year sentence represents a considerable departure from the range recommended under sentencing guidelines. However, we find no indication that the trial court considered this a departure case. Instead, the court appears to have believed that it could impose an enhanced sentence under the habitual offender statute in lieu of following the guidelines. Ordinarily this would be correct. See § 775.084(4)(e); Owens v. State, 560 So.2d 1260 (Fla. 1st DCA 1990). However, section 775.084(4)(e) became effective October 1, 1988. § 6, Ch. 88-131, Laws of Fla. Brintley’s offense was committed in August, 1988, or before the effective date of the revised habitual offender statute. Accordingly, it was error to apply that version of the statute to his case. Strickland v. State, 596 So.2d 1155 (Fla. 2d DCA 1992); Carroll v. State, 567 So.2d 954 (Fla. 4th DCA 1990). Under the law in effect at the time of Brintley’s offense it would have been improper to “ha-bitualize” him since such enhancement was not necessary to harmonize the length of sentence with the guideline recommendation. Winters v. State, 522 So.2d 816 (Fla.1988); Whitehead v. State, 498 So.2d 863 (Fla.1986).[2]
The petition for writ of habeas corpus is hereby granted and this case is remanded to the trial court for resentencing consistent with this opinion. Since the trial court was unaware it was imposing a departure sentence, it may consider departing from the guidelines after remand, provided there exist valid criteria for doing so. State v. Betancourt, 552 So.2d 1107 (Fla.1989). Any departure from guidelines must be accompanied by contemporaneous written findings. Ree v. State, 565 So.2d 1329 (Fla.1990).
Petition granted.
DANAHY, A.C.J., and SCHOONOVER and PARKER, JJ., concur.

. § 790.23, Fla.Stat. (1987).

. Whitehead involved an upward departure from sentencing guidelines based on a finding that the defendant qualified as a habitual offender. In the present case there is no departure order because, as noted, the trial court most likely did not think it was departing from the guidelines so much as avoiding them altogether. Nevertheless, because application of the amended habitual offender sentence was error, in practical effect this is a departure sentence. The lack of a written departure error constitutes reversible error. Ree v. State, 565 So.2d 1329 (Fla.1990). The holding in Ree, which issued prior to the time Brintley’s appeal was perfected, is applicable to all cases pending on appeal at the time. Smith v. State, 598 So.2d 1063 (Fla.1992).