WHATLEY, Judge.
The appellant, David R. Doak, challenges his judgments and sentences for first-degree *846 murder and robbery with a deadly weapon. We conclude there is no error as to Doak’s convictions and affirm. We remand this cause for resentencing, however, on the robbery offense.
Doak contends that since first-degree murder is a capital offense and is not subject to the guidelines, his conviction therefor should not have been indicated as the primary offense on his seoresheet. He further argues that because that conviction was reflected as the primary offense on his score-sheet, the wrong seoresheet was prepared. We agree. Thus, pursuant to Stuart v. State, 536 So.2d 363 (Fla. 2d DCA 1988), a category three seoresheet, rather than a category one seoresheet, should be prepared on remand and should reflect the robbery with a deadly weapon conviction as Doak’s primary offense. Id. at 364. The first-degree murder conviction should, of course, remain unscored. Id.
Doak also contends that the trial court improperly departed from the guidelines by imposing a life sentence on his robbery conviction. He therefore argues that the instant case should be remanded for re-sentencing within the guidelines as to that offense. We disagree.
Where a trial court is unaware that it has imposed a departure sentence, it may consider departing from the guidelines upon remand “provided there exist valid criteria for doing so.” Brintley v. Singletary, 605 So.2d 1303, 1304 (Fla. 2d DCA 1992). See also Henderson v. State, 577 So.2d 653 (Fla. 1st DCA 1991). Here, Doak’s unscored capital felony conviction would have been a proper basis for a departure on the robbery conviction. See Freeze v. State, 553 So.2d 750 (Fla. 2d DCA 1989). The record, however, gives no indication that the trial court intended to depart for any reason upon sentencing Doak for that offense. Therefore, on remand, the trial court may consider departing from the guidelines on Doak’s robbery conviction if there exist valid criteria for doing so. Brintley.
Finally, Doak argues, and the state correctly concedes, that pursuant to Reyes v. State, 655 So.2d 111, 117 (Fla. 2d DCA 1995), the trial court improperly failed to announce at sentencing that it was assessing $45 against Doak for the cost of prosecution. That cost is therefore stricken.
Accordingly, Doak’s sentence for robbery with a deadly weapon is reversed and the cause remanded for preparation of a new seoresheet and resentencing as to that offense. Doak’s convictions are otherwise affirmed, as is his sentence on his first-degree murder conviction.
Affirmed in part, stricken in part, and reversed and remanded in part.
PARKER, A.C.J., and ALTENBERND, J., concur.