PER CURIAM.
We have for review Robinson v. State, 738 So.2d 1019 (Fla. 1st DCA 1999), in which the First District Court of Appeal affirmed Larry J. Robinson’s violent career criminal sentence and certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we quash the decision below and remand for resentencing in accordance with the valid laws in effect on April 10, 1997, the date on which Robinson committed the underlying offense in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
*674 HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Robinson has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida. Moreover, we agree with Robinson's uncontested assertion that he may challenge his violent career criminal sentence despite the fact that such sentence resulted from a negotiated plea agreement. See, e.g., Shelton v. State, 739 So.2d 1235, 1236-37 (Fla. 4th DCA 1999).