GRIFFIN, J.
Petitioner, Gerald Gervasoni [“Ger-vasoni”], seeks a writ of habeas corpus for belated appeal, claiming ineffective assistance of appellate counsel. He was convicted of second-degree murder and was sentenced as a habitual felony offender to life in prison. The murder was committed in 1986; therefore, the law in effect in 1986 applies, even though Gervasoni absconded and was not charged until 1996. See State v. Smith, 547 So.2d 613 (Fla.1989). In Whitehead v. State, 498 So.2d 863 (Fla. 1986), the Supreme Court of Florida held that under the 1985 version of the sentencing guidelines, defendants sentenced as habitual felony offenders had to be sentenced within the guidelines, unless a valid reason for departure was stated, and a defendant’s status as a habitual felony offender was not a valid reason to depart. See also Shelton v. State, 739 So.2d 1235 (Fla. 4th DCA 1999). Under the applicable guidelines, petitioner’s sentence could not have exceeded seventeen years. The state acknowledges that petitioner’s life sentence was an upward departure from the guidelines and the record establishes that no reasons were given for the departure, other than petitioner’s habitual offender status.
Petitioner’s áppellate counsel did not raise this sentencing issue in the direct appeal, instead filing an Anders brief.[1] In Brintley v. Singletary, 605 So.2d 1303 (Fla. 2d DCA 1992), the court held that appellate counsel was ineffective for failing to contest the legality of an habitual felony offender sentence which exceeded the guidelines, in violation of the law in effect at the time of the offense. At the time the initial brief was filed in petitioner’s direct appeal, this court had just issued its decision in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), limiting review of sentencing errors to errors which were preserved by objection or the filing of a Rule 3.800(b) motion. The supreme court has now approved Maddox in part, but has mandated that unpreserved patent and serious sentencing errors having a quantifiable effect on the length of a prisoner’s incarceration that were not preserved pri- or to the adoption of the amended rules are correctable on direct appeal as fundamental error. See Maddox v. State, 760 So.2d 89 (Fla.2000).
Had petitioner’s appellate counsel raised the sentencing error in this case, this court may have affirmed the sentence based on Maddox. However, had counsel sought review of that decision in the supreme court, there is a reasonable probability that the decision would have been reversed and the sentence ordered to be corrected. Although we acknowledge that appellate counsel is not required to anticipate *480 changes in the law, under the unique circumstances of this case, we find that petitioner is entitled to a belated appeal of his sentence.[2]
Because the issue presented is clear on the face of the record, we dispense with the necessity of requiring further briefs and proceedings. See Johnson v. Wainwright, 498 So.2d 938 (Fla.1986), cert. denied, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 500 (1987). We vacate petitioner’s sentence and remand the case to the trial court for re-sentencing under the law in effect at the time the offense was committed.
PETITION GRANTED IN PART, SENTENCE VACATED AND REMANDED.
'HARRIS, and PETERSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The other issues raised in the petition are without merit or are procedurally barred.