IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN GAY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2152

Opinion filed May 5, 2017.

An appeal from an order of the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

John Gay, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand.

In 1990, Appellant was convicted of a number of offenses, including capital sexual battery and attempted capital sexual battery, in a number of cases. He was sentenced to life imprisonment for the capital sexual battery convictions *and* for the attempted capital sexual battery conviction. He filed the instant motion to correct illegal sentence in August 2015, alleging that his life sentence for attempted sexual battery exceeds the statutory maximum for the offense. The trial court denied the motion without explanation. This Court reversed and remanded, holding as follows:

> The trial court failed to attach any portion of the record refuting the appellant's claim or demonstrating why a life sentence for attempted capital sexual battery is legal. Accordingly, we reverse and remand for the trial court to attach portions of the record refuting appellant's claim or to grant relief.

Gay v. State, 186 So. 3d 1137, 1138 (Fla. 1st DCA 2016).

On remand, the trial court denied Appellant's motion, holding that the life sentence for attempted capital sexual battery is legal because it was an upward departure sentence based on the fact that the sentencing guidelines did not provide for the scoring of the capital sexual battery. However, under the law in effect at that time, a trial court cannot impose a sentence longer than the statutory maximum, even if it imposes an upward departure sentence, as the length of any upward departure sentence is limited to the statutory maximum for the crime. See § 921.001(5), Fla. Stat. (1989) ("Sentences imposed by trial court judges must be

2

in all cases within any relevant minimum and maximum sentence limitations provided by statute and must conform to all other statutory provisions."); Shelton v. State, 739 So. 2d 1235, 1236-37 (Fla. 4th DCA 1999) ("While we recognize that a plea agreement may support a departure sentence, the departure sentence must be within the statutory maximum."); cf. State v. Williams, 667 So. 2d 191, 192 (Fla. 1996) ("We . . . hold that a departure sentence imposed pursuant to a valid plea agreement does not require written reasons, provided, of course, that the sentence does not exceed the statutory maximum . . . ."). Attempted capital sexual battery is a first-degree felony punishable by up to thirty years' imprisonment. §§ 775.082(3)(b); 777.04(4)(a); 794.011(2), Fla. Stat. (1989). Thus, the trial court was limited to imposing an upward departure sentence of no more than thirty years for Appellant's attempted capital sexual battery conviction.

Accordingly, we reverse and remand the denial of Appellant's motion for the trial court to resentence Appellant within the thirty-year statutory maximum for his attempted capital sexual battery conviction in case 89-5930. See Jordan v. State, 143 So. 3d 335, 339 (Fla. 2014); Gay v. State, 607 So. 2d 545, 546 (Fla. 1st DCA 1992).

REVERSED and REMANDED.

B.L. THOMAS, RAY, and KELSEY, JJ., CONCUR.