645 So.2d 166 (1994)
Maurice FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1961.
District Court of Appeal of Florida, Fourth District.
November 23, 1994.
Maurice Franklin, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ettie Feistmann, Asst. Atty. Gen., West Palm Beach, for appellee.
STEVENSON, Judge.
This is an appeal from the summary denial of a motion for relief under rule 3.850. The trial court denied appellant's motion without an evidentiary hearing but with attachment of excerpts, including his waiver of rights form, sentencing documents and a transcript of the change of plea/sentencing hearing. We affirm the denial on appellant's claims of an alleged involuntary confession and ineffective assistance of counsel. However, we find that the attachments alone are insufficient to support summary denial of appellant's claim that there was no factual basis for his guilty plea.
Appellant was originally indicted for first degree murder but negotiated a plea agreement on which he pled guilty to a lesser charge of second degree murder. Appellant argues that the facts supported only a manslaughter conviction, not a second degree murder conviction. He further argues that manslaughter was consistent with his defense. The transcript of the change of plea hearing reveals that the only attempt to establish a factual basis was the following colloquy between the trial court and the appellant:
The Court: Are you admitting that you killed Sonia Baits?
The [Appellant]: Yes.
An appellant can challenge the factual basis for his plea in a rule 3.850 motion. Scott v. State, 629 So.2d 888, 890 (Fla. 4th DCA 1993). The requirement that the trial court determine whether there is a factual basis for the guilty plea before it is accepted is set out in rule 3.172(a), Florida Rules of Criminal Procedure which provides in pertinent part:
(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it....
Under rule 3.172(a), the trial court is required to "receive in the record" evidence establishing a factual basis for the plea. *167 Koenig v. State, 597 So.2d 256 (Fla. 1992). The trial court may look to any source in the record to establish the factual basis, but the source used should be reflected in the record of the plea proceedings. Williams v. State, 316 So.2d 267 (Fla. 1975).
Appellant's bare admission during the plea colloquy that he killed the victim is as consistent with the elements of manslaughter as it is with second degree murder. Therefore, the transcript of the change of plea hearing, which was attached to the order denying the rule 3.850 motion, does not conclusively demonstrate that appellant is not entitled to relief. See rule 9.140(g), Florida Rules of Appellate Procedure. See also Williams; Koenig.
Accordingly, we reverse and remand with instructions to either supplement the attachments to the order of denial with any other record excerpts supporting denial, or to hold an evidentiary hearing on the issue of whether there was a factual basis for appellant's guilty plea to the charge of second degree murder.
REVERSED AND REMANDED.
KLEIN, J., concurs.
STONE, J., dissents without opinion.