667 So.2d 935 (1996)
Trent DYE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01442.
District Court of Appeal of Florida, Second District.
February 9, 1996.
PER CURIAM.
Trent Dye appeals from the order denying his motion to correct illegal sentence. We reverse and remand for the trial court to determine whether it properly invoked section 775.087(2), Florida Statutes (1993).
Dye pleaded no contest to a charge of armed robbery and several related charges. He was sentenced to 15 years' imprisonment with a three-year minimum mandatory pursuant to section 775.087(2). Dye asserts in his motion that his sentence is illegal because *936 he never had actual possession of the firearm. Possession is a statutory element of the crime. The trial court summarily denied Dye's motion indicating that the minimum mandatory period was part of the plea agreement and that the factual basis at the time of the plea established that Dye did possess, either actually or constructively, the firearm used in the robbery. The trial court attached to its order the plea agreement signed by Dye. One paragraph of the plea form, boilerplate language, acknowledges a factual basis for the plea. Another handwritten sentence notes that the three-year minimum mandatory is part of the negotiated sentence.
The issue of whether the trial court erred in its application of section 775.087(2) may be raised in a motion to correct illegal sentence. Poiteer v. State, 627 So.2d 526 (Fla.2d DCA 1993); Brown v. State, 633 So.2d 112 (Fla.2d DCA 1994). Vicarious or constructive possession of a firearm will not support the imposition of a three-year minimum mandatory sentence contemplated in section 775.087, Florida Statutes (1993). Odom v. State, 657 So.2d 923 (Fla.2d DCA 1995); Demps v. State, 649 So.2d 938 (Fla. 5th DCA 1995). Therefore, the trial court's disposition of Dye's motion based on the factual basis described in the plea colloquy would be correct, except the form language relied upon in the plea agreement is insufficient to establish a factual basis for the application of the minimum mandatory penalty to Dye.
We reverse the order denying Dye's motion and remand for the trial court to determine whether section 775.087(2) was properly invoked in this case.
FRANK, A.C.J., and PATTERSON and LAZZARA, JJ., concur.