694 So.2d 877 (1997)
Joseph FARRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00630.
District Court of Appeal of Florida, Second District.
June 13, 1997.
*878 PER CURIAM.
Joseph Farran challenges the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. One claim he advances is not refuted by the record appended to the order and requires reversal. The balance of his motion is without merit, and on that issue, we affirm.
Farran pleaded guilty to seven crimes and alleges that during the plea colloquy the court failed to elicit a factual basis on counts one and six of the information. He maintains this failing rendered his plea involuntary and constituted ineffective representation by his trial counsel. He alleges sufficient prejudice to state a cognizable claim for relief, asserting that there was no evidence to link him to these crimes and that their inclusion in his guideline scoresheet affected his sentence. See Colding v. State, 638 So.2d 1008 (Fla. 2d DCA 1994) (explaining that the failure of a trial court to receive a complete proffer concerning the factual basis for the plea will not result in reversal without a corresponding showing of prejudice).
In response to Farran's allegation, the court appended to the order a portion of the transcript of the plea colloquy during which the parties stipulated to a factual basis for all the crimes charged. This stipulation, standing alone, does not fulfill the requirements of the court to establish a factual basis as mandated by Florida Rule of Criminal Procedure 3.172(a). Koenig v. State, 597 So.2d 256, 258 (Fla.1992). If the court file contains substantiation of the factual basis, the court may deny the motion by attaching those documents to the order of denial. Depositions or police affidavits have been determined to fulfill this obligation. Washington v. State, 688 So.2d 416, n. 2 (Fla. 2d DCA 1997). Accordingly, we reverse that portion of the order which relies exclusively on the stipulation of the parties to the factual basis and remand for reconsideration of that issue in light of this decision. On Farran's other claim, we affirm without discussion.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.