PER CURIAM.
Dante Small challenges the trial court’s denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse on one ground he raised and affirm without discussion his other assertions.
Small alleges that an insufficient factual basis was established at the time he entered his plea to two counts of a three-count information. He maintains that the factual basis for the kidnapping and burglary charges, had they been adequately challenged by counsel whom he characterizes as ineffective, would have resulted in the trial court’s rejection of his pleas to those charges, which meets the prejudice element of this claim described in Colding v. State, 638 So.2d 1008 (Fla. 2d DCA 1994). The trial court denied his claim, referencing a remark by the trial judge at the hearing in which the plea was entered that the judge was satisfied that a jury could convict Small of the charged offenses. In spite of the language of Florida Rule of Criminal Procedure 3.172(a) that the trial judge must be satisfied that there is a factual basis underlying any plea of guilty or nolo contendere, a mere conclusion to that effect, standing alone, is not a substitute for a factual basis which this court can review to determine its sufficiency.
We do not have the benefit of the complete plea colloquy, which might well establish a sufficient factual basis to sustain the plea and resulting convictions. If that court proceeding only reflects a stipulation between the parties to the factual basis, depositions or police affidavits of record may fulfill the obligation. See Farran v. State, 694 So.2d 877, 878 (Fla. 2d DCA 1997). Our record does include a presentenee investigation with a sworn recitation of the facts of the case which adequately refutes Small’s claim; there is no indication, however, that this document was part of the file at the time the plea was accepted, and this report is specifically designated not to be a public record by Florida Rule of Criminal Procedure 3.172.
We reverse the denial of this claim only and direct the trial court to reconsider Small’s allegation in light of this opinion.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and GREEN and CASANUEVA, JJ., concur.