749 So.2d 528 (1999)
Ruben R. BENAVIDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 99-03586.
District Court of Appeal of Florida, Second District.
December 22, 1999.
*529 PER CURIAM.
Ruben R. Benavidez appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Benavidez's motion states a facially sufficient claim that is unrebutted by the attachments to the order denying relief, we reverse.
Pursuant to a plea agreement, Benavidez entered a no contest plea to a charge of burglary of a dwelling. The State and Benavidez stipulated to a factual basis for the crime. Benavidez now alleges that his trial counsel was ineffective for advising him to plead no contest to a crime that he did not commit and for which no factual basis was established. Benavidez admits that he committed a burglary, but asserts that the building he entered was not a dwelling.
The stipulation to a factual basis for the crime is an inadequate grounds upon which to deny Benavidez's claim. See Farran v. State, 694 So.2d 877 (Fla. 2d DCA 1997). If other documents in the court file, such as police affidavits, substantiate the factual basis for the offense, the court can again summarily deny Benavidez's claim and attach the supporting documents to its order. Otherwise, an evidentiary hearing must be conducted. See id. at 878.
Reversed and remanded.
PARKER, A.C.J., and CASANUEVA and STRINGER, JJ., Concur.