775 So.2d 365 (2000)
Johnny NEALY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2363.
District Court of Appeal of Florida, Second District.
November 3, 2000.
PER CURIAM.
Johnny Nealy appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Only one ground asserted by Nealy has merit, and on that ground we reverse. The trial court's order is affirmed in all other respects.
Nealy entered a plea to aggravated battery and claims that his trial counsel was ineffective for not raising an objection to the absence of the proffer of a factual basis for the plea by the State. The plea colloquy attached to the order denying relief does not indicate that the trial court made any inquiry concerning the factual basis for the plea. Although a police affidavit was apparently in the court file when the plea was accepted, neither the police report nor any other document that may have provided a factual basis for the battery charge was referenced by the trial court. Because nothing in the record before this court reflects that the trial court determined a factual basis existed for Nealy's plea, the trial court must reconsider this issue. See Colding v. State, 638 So.2d 1008 (Fla. 2d DCA 1994). If the court again summarily denies the claim, the court should attach those portions of the record that conclusively refute Nealy's allegations. Otherwise, the trial court must conduct an evidentiary hearing on the issue.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and THREADGILL and FULMER, JJ., Concur.