SALCINES, Judge.
Terrance Coley challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
According to the trial court’s order, Coley pleaded to four counts of kidnapping and three counts of armed robbery with a firearm or deadly weapon.[1] The written sentences indicate that on the robbery convictions the trial court imposed concurrent three-year minimum mandatory sentences for possession of a firearm pursuant to section 775.087(2), Florida Statutes (1997). Coley alleged that counsel was ineffective for advising him to plead to the kidnapping counts when he was innocent of those charges and no factual basis was established.[2] Coley has presented a facially sufficient claim. See Benavidez v. State, 749 So.2d 528 (Fla. 2d DCA 1999). The trial court denied this claim, finding that it was refuted by the transcript of the plea hearing. However, at the plea hearing, in providing the factual basis for the offenses to the .trial court, the State indicated only that Coley had admitted to using a pellet gun to rob the store. We therefore reverse the denial of this claim. If the trial court again denies the claim without an evidentiary hearing, it shall attach to its order those portions of the record that conclusively refute the claim.
Coley also alleged that there was no factual basis to support the imposition of the minimum mandatory terms for possession of a firearm, because he carried a BB pellet gun and a BB gun does not constitute a firearm. This is a cognizable 3.850 claim. See State v. Mancino, 705 So.2d 1379 (Fla.1998). The trial court denied the claim, finding that a BB gun does qualify as a firearm for the imposition of the three-year minimum mandatory. In support of its finding, the trial court cited to Mitchell v. State, 698 So.2d 555 (Fla. 2d DCA 1997). However, Mitchell explicitly holds that a BB gun does not fit the definition of a firearm. Thus, the possession of a BB gun by a defendant cannot support the imposition of the three-year minimum *207 mandatory pursuant to section 775.087(2). We reverse the denial of this claim and remand for further proceedings. If the trial court again denies the claim, it shall provide those record attachments that conclusively refute the claim or hold an evi-dentiary hearing. See Benavidez.
We affirm without comment the trial court’s denial of the remainder of the claims in Coley’s motion.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and NORTHCUTT, J„ Concur.

. The record on appeal does not contain a copy of the information; however, the initial brief filed in the plenary appeal and the State’s answer brief both indicate that the offense occurred on July 22, 1997.

. Coley alleges that any movement of the victims was incidental to the robberies and thus did not constitute the offense of kidnapping. See Berry v. State, 668 So.2d 967 (Fla.1996) (stating that the act of moving robbery victims from one room to another, closing the door, and ordering them not to come out would not be sufficient to support a kidnapping conviction).