PER CURIAM.
Joshua Rahming appeals the denial of his rule 3.850 motion without evidentiary hearing or attachment of record excerpts refuting his allegations. Rahming was convicted of carrying a concealed weapon by a convicted felon, and sentenced to 66.5 months in Florida State Prison.
According to Rahming, he had purchased a walking cane at a second hand store which contained a secret compartment within which a knife was concealed. He claimed he told his lawyer that he had no idea that the knife was hidden in the walking cane. This is the weapon for which he was convicted of carrying as a convicted felon.
In his motion he claimed that his attorney was ineffective for: (1) failing to file a motion to suppress on his behalf; and, (2) failing to require a factual basis for his plea. See Franklin v. State, 645 So.2d 166 (Fla. 4th DCA 1994)(considering 3.850 claim alleging no factual basis for plea and remanding for attachments refuting claim, or for evidentiary hearing).
Below, without ordering any response from the state, the trial court entered a brief order summarily denying relief and referencing the plea sheet and the waiver of rights sheet contained in the court file, but failed to physically attach the documents to which the court referred.
Eventually these documents were provided to this court, however neither one conclusively refutes his claims. Accordingly, we reverse the order denying the postconviction motion and remand for an evidentiary hearing or for attachment of excerpts from the trial record that conclusively refute the allegations in the motion.
WARNER, SHAHOOD and HAZOURI, JJ., concur.