THOMPSON, J.
Appellant, George Skellie, appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. On 21 June 2000, Skellie entered nolo contendere pleas to burglary of a dwelling and grand theft. Skellie was sentenced as a habitual offender to 12 years of incarceration followed by 3 years of probation for the burglary. Skellie was also sentenced to a concurrent five year term of incarceration for the grand theft.
In his 3.850 motion, Skellie claimed that his plea to burglary was entered without full understanding due to ineffective assistance of counsel, who told him there was no defense to the burglary charge. Although Skellie waived all defenses by entering the plea, he nevertheless may be entitled to 3.850 relief if he can show that counsel did not adequately investigate or pursue a viable defense. Cf. Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991). Skellie alleged he told counsel that the *1221 building was not a dwelling, but was an upholstery shop, and he was employed by the owner of the business to do construction work on the inside of the building. Skellie told counsel he had permission from the owner to be in the building at the time the alleged burglary took place. The trial court denied relief, stating that consent to enter was not a complete defense, as Skellie could still be guilty of a burglary if he had remained on the premises surreptitiously. A person commits a burglary if he enters or remains in a dwelling, structure, or conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain. See § 810.02(1)(a), Fla. Stat. (2002). The alternative “remaining in” theory of burglary is difficult to apply. In Delgado v. State, 776 So.2d 233 (Fla.2000), superseded by statute as stated in R.C. v. State, 793 So.2d 1078 n. 1 (Fla. 2d DCA 2001), the supreme court held that if a person is licensed or invited to enter a dwelling or other building, he cannot be convicted of burglary under the “remaining in” theory unless the person remains on the premises surreptitiously. The trial court cited Delgado and relied on it in finding that Skellie had not established that his attorney misadvised him.
Before Delgado, the “remaining in” theory of proving burglary did not require that a person’s continued presence in the dwelling or building be surreptitious. Rather, the state only had to prove that the consent to enter given by the owner or occupant had been withdrawn, a fact which could be established by circumstantial evidence. See, e.g., Raleigh v. State, 705 So.2d 1324 (Fla.1997), receded from by Delgado v. State, 776 So.2d 233 (Fla.2000); Jimenez v. State, 703 So.2d 437 (Fla.1997), receded from by Delgado v. State, 776 So.2d 233 (Fla.2000). The Florida Legislature expressly nullified the holding in Delgado. The legislature stated that in order for a burglary to occur, it is not necessary for the licensee or invitee to remain in the dwelling, structure, or conveyance surreptitiously. See § 810.015(1), Fla. Stat. (2002). While consensual entry remains an affirmative defense to burglary, the lack of consent may be established by circumstantial evidence. See § 810.015(3), Fla. Stat. (2002).
The question in this case is whether Skellie had permission from the owner to enter and remain in the building where the grand theft occurred. If so, and if such permission was not withdrawn or if Skellie did not remain in the building surreptitiously, he would have had a viable defense to the burglary charge, if not the grand theft charge. This would be so regardless of whether Delgado applied to appellant’s case.[1] Skellie claimed that he told counsel that he had permission from the owner to be in the building at the time of the alleged grand theft, but defense counsel did not inform him that he had a complete defense to the burglary charge. There *1222 fore, defendant stated a legally sufficient claim of ineffective assistance of counsel.
The trial court did not attach documents which could refute Skellie’s claim, by showing that Skellie did not have permission to enter, or that he remained on the premises surreptitiously. At the plea hearing on 21 June 2000, the prosecutor referred to a factual basis that was given by the state at an earlier hearing on 22 February 2000. However, the transcript of the 22 February hearing was not attached to the order denying relief. In denying relief, the trial court only speculated that appellant may not have had a complete defense, as Skellie may have remained on the premises surreptitiously. As the record before this court does not conclusively refute appellant’s claim, the order denying relief is reversed, and the case is remanded for the trial court to either attach documents refuting the claim of ineffective assistance of counsel, or hold an evidentiary hearing. Cf. Coley v. State, 801 So.2d 205 (Fla. 2d DCA 2001).
REVERSED and REMANDED.
SAWAYA, C.J., and PLEUS, J., concur.

. Skellie entered his plea on 21 June 2000, whereas the final Delgado opinion was not issued until 24 August 2000. However, the initial Delgado opinion, later withdrawn and superseded by the published opinion, was issued on 3 February 2000. See Delgado v. State, 25 Fla. L. Weekly S79 (Fla. Feb. 3, 2000) (opinion withdrawn). The final Delgado opinion on 24 August 2000, announced that its decision would not apply retroactively to convictions that were already final. Skel-lie’s conviction was on appeal at the time the final Delgado opinion was issued, and therefore was not final. See Skellie v. State, 796 So.2d 1290 (Fla. 5th DCA 2001). However, the nullification of Delgado was stated by the legislature to apply retroactively to 1 February 2000. See § 810.015(2), Fla. Stat. (2002). It has been questioned whether the legislature could nullify Delgado retroactively. See, e.g., Foster v. State, - So.2d -, 2002 WL 1285453, 27 Fla. L. Weekly D1360 (Fla. 1st DCA June 12, 2002).