935 So.2d 1263 (2006)
Belvin Gene YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2046.
District Court of Appeal of Florida, Second District.
August 23, 2006.
SILBERMAN, Judge.
Belvin Gene Young appeals the denial of his pro se motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
In his motion, Young argued counsel was ineffective for failing to challenge the absence of a factual basis for his plea. The postconviction court denied the motion, finding Young stipulated to the factual basis when he pleaded nolo contendere to the charge.
A stipulation with no factual basis in the record is insufficient. Jones v. State, 846 So.2d 1224, 1225 (Fla. 2d DCA 2003) (citing Koenig v. State, 597 So.2d 256, 258 (Fla.1992)). The postconviction court did not attach the transcript of the plea colloquy to its order, and nothing in the record before this court indicates the trial court determined a factual basis existed for Young's plea. Accordingly, we reverse and remand for reconsideration of Young's motion. See Nealy v. State, 775 So.2d 365 (Fla. 2d DCA 2000). On remand, the postconviction court shall either attach those portions of the record that conclusively refute Young's claim or conduct an evidentiary hearing on the issue.
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.