STRINGER, Judge.
Paul Morin appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of claims one and three without comment but reverse and remand the denial of claim two.
In claim two, Mr. Morin attacked the factual basis of his plea, asserting there was insufficient evidence to justify the trial court’s imposition of a minimum mandatory sentence pursuant to section 775.087(2), Florida Statutes (2002). Mr. Morin argued that the trial court determined he had used a firearm in the commission of a burglary solely from the testimony of a codefendant. Mr. Morin claimed that no forensic evidence demonstrated he had used a firearm and no residue test was ever performed.
The postconviction court denied the claim, finding that it was a facially insufficient claim of ineffective assistance of counsel. However, Mr. Morin did not claim ineffective assistance of counsel. Moreover, Mr. Morin’s claim is cognizable in a rule 3.850 motion. See State v. Mancino, 705 So.2d 1379, 1381 (Fla.1998) (holding that “rule 3.850 rather than rule 3.800(a) was the proper procedural vehicle for Mancino to challenge his minimum mandatory sentence”).
Additionally, neither the attachments to the postconviction court’s order nor the limited record before this court conclusively refutes Mr. Morin’s claim. Accordingly, we reverse and remand for reconsideration of claim two. On remand, the postconviction court shall either attach those portions of the record that conclusively refute Mr. Morin’s claim or conduct an evidentiary hearing. We note that form language from Mr. Morin’s plea agreement is insufficient to establish a factual basis for the minimum mandatory penalty imposed upon Mr. Morin. See Dye v. State, 667 So.2d 935, 936 (Fla. 2d DCA 1996).
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.