PER CURIAM.
 

 John Harris appeals the summary denial of his Rule 3.850 motion for postconviction relief. Harris entered a plea to robbery. The parties stipulated to a factual basis at the plea hearing but no record support for the factual basis was identified.
 
 Koenig v. State,
 
 597 So.2d 256, 258 (Fla.1992) (“[A] stipulation with no factual basis in the record is insufficient”). The state concedes that remand is necessary.
 
 See Guevara v. State,
 
 647 So.2d 887 (Fla. 4th DCA 1994) (remanding for an evidentiary hearing or attachment of records — including the probable cause affidavit — which might refute movant’s postconviction claim).
 

 In his sworn motion, Harris alleges that he took the victim’s bicycle as she entered a store. She came outside and confronted him, and Harris apologized and gave the bicycle back. He argues that he at no time used any “force, violence, assault, or putting in fear” necessary to support a robbery offense. § 812.13(1), Fla. Stat. (2008).
 
 See also
 
 § 812.13(3)(b), Fla. Stat. (2008) (defining when an act will be deemed to have occurred “in the course of the taking”).
 

 “An appellant can challenge the factual basis for his plea in a rule 3.850 motion.”
 
 Franklin v. State,
 
 645 So.2d 166, 166 (Fla. 4th DCA 1994) (remanding for attachment of records or evidentiary hearing on issue of whether a factual basis existed for defendant’s plea). In a postconviction motion, a movant must establish that plea withdrawal is necessary to correct a manifest injustice.
 
 Scott v. State,
 
 629 So.2d 888, 890 (Fla. 4th DCA 1993).
 
 See also
 
 Fla. R.Crim. P. 3.172(j) (requiring showing of prejudice).
 

 Harris’ claim that no factual basis existed for the robbery, and that counsel was ineffective in permitting him to plead under these circumstances, is legally sufficient and not refuted by attached records.
 
 See, e.g., Young v. State,
 
 935 So.2d 1263 (Fla. 2d DCA 2006);
 
 Benavidez v. State,
 
 749 So.2d 528 (Fla. 2d DCA 1999);
 
 State v. Pelham,
 
 737 So.2d 572, 573 (Fla. 1st DCA 1999). We reverse and remand for an evidentiary hearing or attachment of records refuting the claim.
 

 On remand, Harris’ claim may be refuted by attachment of discovery documents — such as police reports, probable cause affidavits, or depositions — establishing that a factual basis actually existed for the robbery. The salient question is whether the undisputed facts support only a misdemeanor petit theft and not a robbery.
 

 Reversed and remanded.
 

 WARNER, MAY and GERBER, JJ., concur.