KHOUZAM, Judge.
 

 Robert Thomas Nowell appeals from an order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), raising two grounds for relief. Nowell’s first claim has no merit. But Nowell’s claim that the sentencing court lacked a factual basis for imposing a minimum mandatory term for his firearm possession offense should have been considered pursuant to Florida Rule of Criminal Procedure 3.850, and we reverse and remand for the postconviction court to do so.
 

 After Nowell, a convicted felon, entered a plea to felon in possession of a firearm, the trial court imposed the enhanced minimum mandatory term prescribed by section 775.087(2)(a)(l), Florida Statutes (2006). In his motion to correct his sentence, Nowell asserted that this minimum mandatory enhancement was not permissible because his possession of the firearm was only constructive, not actual.
 
 See Bundrage v. State,
 
 814 So.2d 1133, 1134 (Fla. 2d DCA 2002) (holding that “in order to apply the enhancement provision of section 775.087(2)(a)(1), the State must prove actual possession”). The postconviction court denied this claim on the ground that it should have been raised on direct appeal. However, a claim of lack of factual basis for the three-year minimum mandatory term is cognizable under rule 3.850.
 
 State v. Mancino,
 
 705 So.2d 1379, 1380-81 (Fla.1998) (holding that rule 3.850 is an appropriate means to challenge the minimum mandatory sentence imposed pursuant to a plea when there is no allegation that the sentence exceeds the maximum allowed by law);
 
 Morin v. State,
 
 947 So.2d 1250, 1251 (Fla. 2d DCA 2007) (citing
 
 Mancino
 
 and further noting that the plea agreement’s form language would be insufficient, without more, to refute the claim).
 

 In its present form, however, Nowell’s motion is not facially sufficient for consideration under rule 3.850. Although he filed his motion on the last available day before the two-year time limit barred his claim, the motion was unsworn. Nowell should therefore be permitted to amend his motion by including the required oath.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007).
 

 Accordingly, we affirm the denial of claim one but reverse and remand for the postconviction court to dismiss claim two with leave for Nowell to amend his motion by including an oath within thirty days from the date that this opinion becomes final. If Nowell fails to do so, however, the postconviction court can deny the mo
 
 *1066
 
 tion on the merits.
 
 See Bloye v. State,
 
 28 So.3d 137, 139 (Fla. 2d DCA 2010).
 

 Affirmed in part; reversed in part; and remanded.
 

 MORRIS and CRENSHAW, JJ., Concur.