PALMER, J.
Bill Plowman appeals the trial court’s order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Plowman’s rule 3.850 motion raised ten grounds of ineffective assistance of counsel. The trial court denied one ground after an evidentiary hearing and summarily denied the rest. We find merit in the arguments raised as to grounds 2 and 8.
In ground 2, Plowman alleged that his trial counsel was ineffective for failing to file a motion to suppress statements he *1106 made during his arrest, as well as notes and letters found in his truck.[1] The trial court summarily denied this ground, concluding that Plowman waived any suppression issues by entering his plea of nolo contendere and, thus, that a suppression motion would not have been supported by law. Regarding the notes and letters, the court stated alternatively that Plowman lacked standing to seek suppression of these items that “he left in a company truck.”
Plowman argues that he did not waive this ineffective assistance of counsel claim by entering his plea. We agree. A plea waives certain defenses for purposes of direct appeal. Lacey v. State, 831 So.2d 1267, 1271 (Fla. 4th DCA 2002); Boddie v. State, 328 So.2d 877 (Fla. 1st DCA 1976). However, a plea does not waive ineffective assistance of counsel claims regarding counsel’s failure to raise those defenses. See Skellie v. State, 849 So.2d 1220, 1220 (Fla. 5th DCA 2003) (“Although [defendant] waived all defenses by entering the plea, he nevertheless may be entitled to 3.850 relief if he can show that counsel did not adequately investigate or pursue a viable defense.”); Robinson v. State, 972 So.2d 1115 (Fla. 5th DCA 2008) (holding that plea did not waive claim of ineffective assistance of counsel for failure to seek suppression).
Because this ground was not legally insufficient on its face, the trial court was required to attach record documents conclusively refuting it. Fla. R.Crim. P. 3.850(d) (2009). The court failed to do so as to Plowman’s arrest statements. Additionally, as to the notes and letters found in the truck, the trial court failed to attach documents to support its rationale that these items were found in a “company” truck in which Plowman lacked a privacy interest sufficient for standing to seek suppression. As noted above, Plowman alleged that they were found in his truck.
In ground 8, Plowman alleged that his trial counsel was ineffective because he filed a demand for speedy trial under rule 3.191(b), but thereafter failed to invoke the procedure for discharge. See Fla. R.Crim. P. 3.191(b)(4), (p)(2)-(3) (2008). The trial court summarily denied this ground, stating: “[T]he defendant ... waived speedy trial at his first pre-trial on December 14, 2007. There was no basis in law to file a motion for speedy trial discharge.” However, the court failed to attach documents showing a waiver of speedy trial. In addition, Plowman alleged defense counsel subsequently filed a demand for speedy trial. After a waiver, speedy trial rights can be reactivated by filing a rule 3.191(b) demand for speedy trial. State v. Gibson, 783 So.2d 1155, 1158 n. 2 (Fla. 5th DCA 2001); see Butterworth v. Fluellen, 389 So.2d 968, 970 (Fla.1980) (holding same under predecessor of rule 3.191(b)).
Accordingly, as to these two grounds, we reverse the trial court’s order and remand for the trial court to attach record documents conclusively refuting the grounds or to hold an evidentiary hearing. See Fla. R.Crim. P. 3.850(d).
AFFIRMED in part, REVERSED in part, and REMANDED.
ORFINGER, C.J., and GRIFFIN, J., concur.

. Plowman also raised an issue regarding suppression of photographs within this ground, but we affirm as to that issue.