BLACK, Judge.
Jaqueal Edward Harris appeals the summary denial of his motion for postcon-viction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm the denials of grounds two, three, and four without comment but reverse and remand the denial of ground one.
In ground one, Harris claimed that counsel was ineffective for permitting him to plead guilty to the robbery charges in trial court case number 09-674 when no factual basis existed for the imposition of the ten-year minimum mandatory sentences pursuant to section 775.087(2)(a)(1), Florida Statutes (2008), the 10-20-Life Statute. He asserted that, although he advised counsel that there was evidence showing that he was not in actual possession of a firearm when the offenses were committed, counsel failed to raise this assertion with the court. He maintains that but for counsel’s deficiency, he would not have accepted the plea offer and would have gone to trial.
The postconviction court denied the claim, finding that by pleading guilty, Harris admitted that he was in actual possession of a firearm when he committed the offenses, as alleged in the information. However, neither the attachments to the postconviction court’s order — which include the information, the plea agreement, and the judgment and sentence — nor the record before this court conclusively refute Harris’s legally sufficient claim. See Harris v. State, 32 So.3d 197, 197 (Fla. 4th DCA 2010) (citing Young v. State, 935 So.2d 1263 (Fla; 2d DCA 2006)). Additionally, the form language from Harris’s plea agreement is insufficient to establish a factual basis for the minimum mandatory penalty imposed. See Morin v. State, 947 So.2d 1250,1251 (Fla. 2d DCA 2007).
Accordingly, we reverse and remand ground one for the postconviction court to either attach portions of the record that conclusively refute the allegation or to conduct an evidentiary hearing.
Affirmed in part; reversed in part; remanded.
VILLANTI and LAROSE, JJ„ Concur.