IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

       Appellant,

 v.                                       Case No.  5D15-3174

PHILIP KOGAN,

       Appellee.

_____/

Opinion filed May 13, 2016

Appeal from the Circuit Court
for Orange County,
Alan S. Apte, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellant.

Carli Citraro, of Nexus Trial Group, Orlando,
for Appellee.


EDWARDS, J.

     The State appeals the circuit court's order granting Philip Kogan's motion to correct

illegal sentence.  The State contends that because Kogan pleaded no contest pursuant

to a negotiated agreement, he was required to seek relief by filing a motion to withdraw

his plea pursuant to Florida Rule of Criminal Procedure 3.850.

The State charged Kogan with one count of felony battery, which required as a predicate, one prior battery conviction against Kogan. On February 3, 2015, pursuant to a negotiated plea agreement, Kogan pleaded no contest and was sentenced to one year of probation. On July 8, 2015, Kogan's probation officer filed an affidavit alleging that Kogan violated the terms of his probation. On July 31, 2015, Kogan filed a rule 3.170(*l*) motion to withdraw his plea, alleging that the State did not provide a factual basis to reclassify his battery from a first-degree misdemeanor to a third-degree felony. Kogan also filed a rule 3.800 motion to correct illegal sentence.

After a hearing where the trial court determined the State failed to provide a factual basis for the prior battery, the court withdrew Kogan's plea and sentence and sent the case back to the original trial division. We reverse.

A rule 3.850 motion is the proper vehicle to attack the factual basis underlying the sentence imposed as the result of a defendant's plea. *See State v. Mancino*, 705 So. 2d 1379, 1380-81 (Fla. 1998). A "factually erroneous sentence" is properly challenged by a rule 3.850 motion because the adequacy of a plea colloquy is not an allegation that a sentence is illegal. *See Nowlin v. State*, 639 So. 2d 1050, 1051-52 (Fla. 1st DCA 1994). Accordingly, we reverse without prejudice to Kogan to file a rule 3.850 motion.

REVERSED.

LAWSON, C.J. and PALMER, JJ., concur.